Dept. # 6   Assigned Bev\e

Danny Yadidsion (SBN 260282)
LABOR LAW PC
100 Wilshire Blvd, Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
Facsimile: (877) 775-2267
Danny@LaborLawPC.com

Attorneys for Plaintiffs
KEITH ERNST, ARTHUR OGANESYAN, and ALAN NAH,
individually, and on behalf of the putative class

**FILED**
Superior Court of California
County of Los Angeles

**SEP 20 2018**

Sherri R. Carter, Executive Officer/Clerk of Court
By _Britty Smith_ Deputy
Britny Smith

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

CASE NUMBER: BC722761   FAXED

| | |
|---|---|
| KEITH ERNST, ARTHUR OGANESYAN, and ALAN NAH, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ZOGSPORTS, an unknown business entity; and DOES 1- 50, Inclusive, <br><br> Defendants. | CLASS, REPRESENTATIVE, AND COLLECTIVE ACTION <br><br> 1. FAIR LABOR STANDARDS ACT (29 U.S.C § 201, *et seq.*) – MINIMUM WAGES <br><br> 2. FAIR LABOR STANDARDS ACT (29 U.S.C § 201, *et seq.*) – FAILURE TO MAINTAIN ACCURATE RECORDS <br><br> 3. FAILURE TO PAY MINIMUM WAGES AND LIQUIDATED DAMAGES (Cal. Labor Code §§ 558, 1194, 1194.2, 1197, 1198) <br><br> 4. FAILURE TO MAINTAIN REQUIRED RECORDS (Cal. Labor Code § 226, 1174) <br><br> 5. FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS (Cal. Labor Code § 226, *et seq.*) <br><br> 6. MISCLASSIFICATION (Cal. Labor Code § 226.8) <br><br> 7. WAITING TIME PENALTIES (Cal. Labor Code § 203) <br><br> 8. UNFAIR COMPETITION (Cal. Business & Professions Code § 17200, *et seq.*) <br><br> 9. PRIVATE ATTORNEY GENERAL ACT (Cal. Labor Code § 2698, *et seq.*) <br><br> [DEMAND FOR TRIAL BY JURY] |

1      Plaintiffs KEITH ERNST, ARTHUR OGANESYAN, and ALAN NAH ("Plaintiffs") hereby

2  submit their Class Action Complaint against Defendants ZogSports, an unknown business entity, and

3  DOES 1 to 50 (referred to collectively as "Defendants" or "ZogSports") on behalf of themselves and all

4  other similarly situated individuals employed by Defendants as current or former unpaid volunteers

5  ("Volunteer Employees") as follows:

6  **PARTIES TO THE ACTION**

7      1.    Plaintiffs are residents of the County of Los Angeles, State of California.

8      2.    With respect to the Fair Labor Standards Act ("FLSA") claims, Plaintiffs have consented

9  to join this action by concurrently filing a written Consent to Join form, attached hereto as Exhibit A.

10      3.    Plaintiffs bring this action on behalf of themselves and all others similarly situated a class

11  action, pursuant to California Code of Civil Procedure section 382. The class which Plaintiffs seek to

12  represent is composed of and defined as follows:

13  **Volunteer Class**: All persons who worked as unpaid volunteers during any game organized or

14  conducted by Defendants, in the United States, at any time during the Class Period.

15  **California Class**: All members of the Volunteer Class who worked as unpaid volunteers during

16  any game organized or conducted by Defendants, in the State of California, at any time during the Class

17  Period.

18      The Class Period is the period from four years prior to the date this Complaint was filed, through

19  and including the date judgment is rendered in this matter.

20      4.    Plaintiffs are informed and believe that during the four years preceding the filing of this

21  Complaint and continuing to the present, Defendants were (and are) for-profit organizations in the

22  business of providing and organizing co-ed sports leagues. Defendants operate in California, Georgia,

23  Illinois, Washington D.C., New Jersey, and New York.

24      5.    The true names and capacities of Defendants DOES 1 to 50 are unknown to Plaintiffs

25  who will amend this complaint to allege such names and capacities as soon as they are ascertained.

26  Each Defendant designated herein as DOE is in some manner legally responsible for the unlawful acts

27  and damages alleged herein.

28      6.    At all relevant times Defendants, and each of them, employed Plaintiffs in the County of

2

1    Los Angeles, State of California. Plaintiffs are informed and believe, and based thereon alleges that the

2    Defendants were in a joint employment relationship with Plaintiff for all relevant purposes described in

3    this Complaint.

4                          **JURISDICTION AND VENUE**

5          7.      This Court has jurisdiction over this matter pursuant to the provisions of the California

6    Labor Code and regulations, as well as Business & Professions Code § 17200. Venue is proper in Los

7    Angeles County because the conduct alleged herein which gives rise to the claims asserted occurred

8    within Los Angeles County. Specifically, Plaintiffs worked for defendants within Los Angeles County,

9    and the wages herein claimed were earned by them in Los Angeles County. Additionally, the products

10    and services exchanged for Plaintiffs' labor were issued and consumed in Los Angeles County.

11                       **GENERAL ALLEGATIONS**

12          8.      Defendants operate an adult, co-ed recreational sports league. Defendants refer to

13    themselves as the nation's largest social sports league with over 100,000 players. Defendants organize

14    various sports for their participants, including: basketball, bocce ball, bowling, corn hole, dodgeball,

15    eSports, football, kickball, soccer, softball, ultimate frisbee, volleyball, and whiffle ball. Individuals

16    must pay a fee to Defendants to participate in these sports. Defendants are for-profit companies.

17          9.      Defendants employed individuals as paid referees to officiate and keep time for various

18    sports such as football, basketball, soccer, softball, kickball, dodgeball, and whiffle ball. Defendants

19    also required and employed participants of such sports to "volunteer" as unpaid Volunteer Employees.

20    The Volunteer Employees perform duties identical to those of paid referees such as officiating and

21    keeping the time for such games. These Volunteer Employees performed such officiating services for

22    games in which they did not participate other than to officiate. For example, if a Volunteer Employee

23    was scheduled to play a sport organized by Defendants at a certain time, he would be required to arrive

24    at least an hour prior to his scheduled start time to officiate, without pay, a game involving other

25    participants.

26          10.     Defendants' rules explicitly required Volunteer Employees to officiate games by

27    threatening penalties to those teams which did not provide Volunteer Employees to officiate other

28    games. For example, Defendants had the following policies and practices:

- "Teams provide 1 assistant referee for the game that precedes/follows your game (in some cases may have to provide 2). That referee must also know the rules. Teams failing to provide referees or those who provide referees who do not know the rules will incur penalties."

- <u>No Refereeing Penalties</u>:
  - Teams failing to provide a referee will incur the following penalties per referee that is supposed to be provided
    - First Time: Team will start next game down 9-0 (per volunteer referee) Second Time: Team automatically gets a loss added to their record Third Time: Team is removed from playoffs
    - Playoffs: Team will start their game down 14-0 (per volunteer referee)
    - If Referee Late* For Prior Game (e.g., Team has 1:00PM game and was supposed to ref 12:00 PM game): Team starts next game down 3-0. If ref arrives after 1st half complete, team starts next game down 6-0.
      - Late is defined as more than 10 minutes after game time.

- Every captain and volunteer referee must check-in with the ZogSports Field Manager or Ref at the field at least 10 minutes before your scheduled game.

- Depending on your league, each team will be required to provide 1 (in some cases 2) volunteer referees either before or after each game to watch sidelines and/or keep time. Each will be instructed onsite.

- Each team is required to provide a volunteer referee either before or after each game. Information will be listed on your schedule. Each volunteer will be instructed on responsibilities by the Head Referee
  - Penalties for not providing a volunteer (per volunteer): 10 Minutes Late: 3 points | Halftime: 6 points | Full game: 9 points | Playoffs: 14 points | 2nd Offense: Automatic Loss

11.    Instead of employing additional paid referees to officiate the game or keep time, Defendants required Volunteer Employees to perform these duties, and in effect, displace paid referees.

4

12.     Defendants provided Volunteer Employees with instructions and exercised control on how to perform their duties and even imposed penalties for not appearing or being tardy for work.

13.     Defendants did not pay Plaintiffs and the Volunteer Employees for any of their time worked in violation of various sections of the California Labor Code and the Fair Labor Standards Act as specified in the Complaint.

14.     Under the FLSA and California law, an employee may not volunteer services to for-profit, private sector employers. *See, e.g.,* Fact Sheet #14A: "Non-Profit Organizations and the Fair Labor Standards Act (FLSA)" (Aug. 2015); Wage-Hour Opinion Letter Nos. 1962, C.C.H. ¶ 32, 797 (1995), 2335, No. 2335, C.C.H. ¶ 31, 072 (2002), No. 2081, C.C.H. ¶ 32, 992 (1998), No. 1988, C.C.H. ¶ 32, 823 (1996), No. 1993, C.C.H. ¶ 32, 827 (1996);

15.     Defendants did not keep accurate records of Plaintiffs' work, hours, and wages earned. Plaintiffs were and are a victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived them of the rights guaranteed by FLSA § 201, *et seq.* and California Labor Code, such as sections 201-203, 226, 226.8, 558, 1194, 1194.2, 1197, 1197.1, 1198, 2968, Industrial Welfare Commission ("IWC") Wage Orders, California Business and Professions Code § 17200, et seq. (Unfair Practices Act).

16.     Through this action, Plaintiffs seek to (1) force Defendants to stop soliciting and accepting work from Volunteer Employees, (2) recover unpaid wages for all Volunteer Employees who performed work for Defendants during the relevant period, and (3) recover other damages based on Defendants' violations of applicable labor laws.

17.     Defendants' failure to pay their volunteers any wages violates federal and state minimum wage laws, which require employers to pay at least the minimum wage for all work that they suffer or permit, and which exist to eliminate labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.

18.     By failing to pay Plaintiffs and thousands of others for their productive work, Defendants denied federal, state, and local governments significant tax revenue and denied the Volunteer Employees important benefits of working, including workers' compensation insurance, social security contributions, and, the ability to earn a fair day's wage for a fair day's work.

19.     Defendants could have and should have paid its Volunteer Employees, but chose instead to classify these individuals as non-employee volunteers and required them to perform the work of paid referees.

20.     Plaintiffs bring this Class Action against Defendants, and each of them, pursuant to Code of Civil Procedure § 382, on behalf of themselves and for the benefit of all other persons employed directly and/or indirectly by Defendants as a "volunteer," who were not paid wages pursuant to California and Federal law prior and subsequent to the date this action was filed.

21.     Based on information and belief, for at least four years prior to the filing of this action and through to the present, Defendants jointly employed Plaintiffs and the putative class members throughout California and the United States, and maintained and enforced against Plaintiffs and the putative class members the systemic policies, practices, and/or customs complained of herein, Plaintiffs seek relief on behalf of themselves, and the members of the Volunteer Class, as a result of systemic employment policies, practices and procedures, more specifically described below, which violate the FLSA, and which have resulted in the failure of Defendants to pay Plaintiffs and members of the Volunteer Class all wages owed to them.   Said employment policies, practices and procedures are generally described as follows:

      a.   Defendants misclassified Plaintiffs and class members as volunteers, and in doing so, failed to properly pay them any wages for time spent working, including at least the federal and state-mandated minimum wages for all hours worked, which include but are not limited to, performing duties under the supervision, direction and control of Defendants, and other time for which Plaintiffs and class members were subject to their employers' direction and control;

      b.   Defendants failed to pay all wages due and owing to "Volunteers," including Plaintiffs and the class members, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*

22.     Plaintiffs also seek relief on behalf of themselves and the members of the California Class, as a result of systemic employment policies, practices and procedure, more specifically described below, which violate the FLSA, the California Labor Code, and the orders and standards promulgated by

the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards Enforcement, and which have resulted in the failure of Defendants to pay Plaintiff and members of the California Class all wages owed to them. Said employment policies, practices and procedures are generally described as follows:

    a.  Defendants misclassified Plaintiffs and class members as volunteers, and in doing so, failed to properly pay them any wages for time spent working, including at least the federal and state-mandated minimum wages for all hours worked, which include but are not limited to, performing duties under the supervision, direction and control of Defendants, and other time for which Plaintiffs and class members were subject to their employers' direction and control;

    b.  Defendants failed to pay all wages due and owing to "Volunteers," including Plaintiffs and the class members, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq, ("FLSA"), California Labor Code ("Labor Code") and Industrial Welfare Wage Orders ("Wage Order");

    c.  Defendants failed to issue accurate, itemized wage statements to their volunteer employees, including Plaintiffs and the class members, in violation of, *inter alia*, Labor Code § 226 and Wage Orders;

    d.  Defendants failed to pay Plaintiffs and "Volunteers" wages due upon termination of their employment, in violation of Labor Code §§ 201, 203; and,

    e.  Violating Business and Professions Code § 17200 et seq. as further set forth below.

23.    Plaintiffs also allege that Defendants, and each of them, are for-profit entities and had the clear ability to pay such wages as are/were due and owing to Plaintiffs and members of the Volunteer Class, but intentionally did not pay such wages, in conscious disregard of the rights of Plaintiffs and the members of the Volunteer Class to timely payment of their wages.

24.    Further, Defendants engaged in a systematic scheme to misrepresent the nature of the relationship it held over members of the Volunteer Class, rather than Employer-Employee, thus deceiving and defrauding members of the Volunteer Class into believing that they were not entitled to the benefits and protections of the FLSA and/or the California Labor Code.

25.   This action seeks relief for the un-remediated violations of Federal and California law including, *inter alia*:

    a.   Damages and/or restitution, as appropriate, to Plaintiffs and to the Volunteer Class, for non-payment of the wages due them and interest thereon;

    b.   Damages and/or penalties for Plaintiffs and the California Class, who were not issued accurate itemized wage statements in conformity with California law.

    c.   Damages and/or penalties for Plaintiffs and California Class Members for Defendants' failure to pay all wages due and owing upon completion of their employment in conformity with California law;

    d.   Implementation of other equitable and injunctive relief, including, *inter alia*, an injunction prohibiting Defendants, and each of them, from continuing to:

        i.   failing to pay wages due, in accordance with the FLSA, Labor Code and Wage Orders, to "Volunteers;"

        ii.   failing to issue accurate itemized wage statements to California employees in accordance with the Labor Code and Wage Orders; and,

        iii.   failing to pay all compensation due to their California Volunteer employees at the time of the termination of their employment in accordance with the Labor Code; and,

    e.   Punitive damages for intentionally and maliciously misclassifying an entire subset of its labor force as "Volunteers" to avoid paying them any wages, or providing any of the benefits of employment under the FLSA, the Labor Code and/or Wage Orders; and

    f.   Attorney fees and costs as provided by statute and/or applicable case law including, without limitation, Labor Code §§ 226 and 1194, and Code of Civil Procedure § 1021.5; and such other relief as the Court deems just and proper.

26.   On information and belief, and at all times relevant to this litigation, Defendants and their subsidiaries, parents, or affiliated companies consistently maintained and enforced against their Volunteer Employees systemic policies and practices that resulted in Defendants not paying Plaintiffs

and other Volunteer Employees any wages for time spent under their direction and control, including without limitation, all wages, pursuant to California and Federal law.

27.   On information and belief, and at all times relevant to this litigation, Defendants and their subsidiaries, parents, or affiliated companies consistently maintained and enforced against their Volunteer Employees systemic policies and practices that required Plaintiffs and the other Volunteer Employees to report to work, but failed to compensate them for time during which they were under the employers' control and/or permitted or suffered to work, whether or not required to do so.

28.   On information and belief, and at all times relevant to this litigation, Defendants and their subsidiaries, parents, or affiliated companies consistently maintained and enforced against their California Volunteer Employees policies and practices whereby Defendants willfully failed to issue accurate itemized wage statements to Plaintiffs and the other Volunteer Employees in violation of Labor Code § 226.

29.   On information and belief, and at all times relevant to this litigation, Defendants and their subsidiaries, parents, or affiliated companies consistently maintained and enforced against their Volunteer Employees systemic policies and practices whereby Defendants willfully failed to pay the wages Defendants owed Plaintiffs and the other California Volunteer Employees at the time of layoff or at the time of their employment separation in violation of Labor Code §§ 201, 202 and 203.

30.   On information and belief, and at all times relevant to this litigation, Defendants have made it difficult to account with precision for the unlawfully withheld wages due volunteer employees, including Plaintiffs and other Volunteer Employees, because they did not maintain accurate time records and/or issue accurate itemized wage statements as required for California Volunteer Employees by Labor Code § 226, 1174(d), and the applicable Wage Order. For example, Defendants failed to comply with Labor Code § 226(a) inasmuch as they did not issue Plaintiffs and other California volunteer employees itemized wage statements that accurately list the hours worked, net and gross wages earned, applicable rates of pay, and the address of the legal entity that is the employer, as required. Plaintiffs and the other Volunteer Employees have been injured by Defendants' knowing and intentional failure to provide them accurate itemized wage statements. Pursuant to Labor Code § 226(e), Plaintiffs and

1    California Class members are entitled to recover the greater of all actual damages, or penalties not to

2    exceed $ 4,000.00 for each employee.

3        31.    Plaintiffs and California Class were routinely not paid, upon termination, all wages due to

4    them, in violation of California Labor Code §§ 201-203, Specifically, they were not paid for all time

5    worked. During the Class Period, and continuing to the present, Defendants have had a consistent

6    policy, practice, custom, and/or habit of failing to provide members of the California Class all wages

7    due to them upon termination.

8        32.    The violations herein alleged were and are willful and deliberate, and were taken

9    pursuant to, and resulted from Defendants' systemic policies, customs, and practices, which Defendants

10   applied uniformly to Plaintiffs and all members of the Volunteer Class, and which have resulted in the

11   unjust enrichment of Defendants at the expense of Plaintiff and members of the Volunteer Class.

12       33.    As a direct result of the violations herein alleged, Plaintiffs and members of the

13   Volunteer Class have suffered, and continue to suffer substantial losses related to the use and enjoyment

14   of wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants

15   to fully perform their obligations under state law, all to their respective damage in amounts according to

16   proof at the time of trial.

17                              <u>**CLASS ACTION ALLEGATIONS**</u>

18       34.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding

19   paragraphs.

20       35.    Plaintiffs brings this action on behalf of themselves and the Volunteer Class as a class

21   action, pursuant to California Code of Civil Procedure § 382.

22       36.    The Class Period is the period from four years prior to the date this Complaint was filed,

23   through and including the date judgment is rendered in this matter.

24       37.    The class is so numerous that the individual joinder of all members is impracticable.

25   While the exact number and identification of class members are unknown to Plaintiffs at this time and

26   can only be ascertained through appropriate discovery directed to defendants, Plaintiff is informed and

27   believes that the Volunteer Class and California Class each include thousands of members.

28       38.    Common questions of law and fact exist as to all members of the class which

                                              10

predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

a.  Whether Plaintiffs and members of the Volunteer Class are subject to and entitled to the benefits of the FLSA statutes;

b.  Whether Plaintiffs and members of the California Class are subject to and entitled to the benefits of California wage and hour statutes;

c.  Whether Defendants violated the applicable Labor Code, Wage Orders and FLSA statutes by not paying all wages owed to Plaintiff and to the Volunteer Class;

d.  Whether Defendants had a standard policy and/or practice of failing to pay Volunteer employees any wages;

e.  Whether Defendants maintained accurate records of the hours worked by California volunteer employees;

f.  Whether Defendants had a standard policy and/or practice of failing to provide Plaintiffs and members of the California Class with accurate and proper wage statements upon payment of wages, in violation of Labor Code § 226;

g.  Whether Defendants had a standard policy and/or practice of failing to promptly pay compensation owing to Plaintiffs and California Class upon termination of their employment, in violation of Labor Code § 201-203;

h.  Whether Plaintiffs and members of the Volunteer Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief;

i.  Whether Defendants, and each of them, are the "employer" of Plaintiffs and the Volunteer Class members;

j.  Whether Defendants' conduct as alleged herein violates the Unfair Business Practices Act of California, Bus. & Prof. Code § 17200, et seq.; and

k.  Whether Defendants' conduct as alleged herein constituted willful deceit.

39.     The claims of the named Plaintiffs are typical of the claims of the members of the Volunteer Class and California Class and other class members sustained losses, injuries and damages arising from Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as to Plaintiffs. Plaintiffs seek recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

40.     Plaintiffs are adequate representatives of the proposed class because they are members of the class and their interests do not conflict with the interests of the members they seek to represent. Plaintiffs have retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiffs and their counsel intend to prosecute this action vigorously for the benefit of the class. The interests of the class members will fairly and adequately be protected by Plaintiffs and their attorneys.

41.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all class members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in thousands of individuals, repetitive lawsuits. Individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

42.     The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California Code of Civil Procedure section 382 because:

a.  The prosecution of separate actions by numerous individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendants; and

b.  The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and

would substantially impair or impede the ability of such non-party class members to protect their interests.

### FIRST CAUSE OF ACTION
**Violation of Fair Labor Standards Act – Minimum Wages**
**[29 U.S.C. § 201 et seq.]**
**(Plaintiffs and Volunteer Class Against All Defendants)**

43. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

44. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

45. The minimum wage provisions set forth in the FLSA, 29 U.S.C. § 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the members of the Volunteer Class.

46. At all relevant times, Plaintiffs and the members of the Volunteer Class were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S. C, § 203(e), (m), and 206(a), and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. § 203(e), (r), and (s),

47. At all relevant times, Plaintiffs and the members of the Volunteer Class were employees of Defendants within the meaning of 29 U.S.C. § 203(e).

48. At all relevant times, Defendants have been an enterprise engaged in commerce and/or the production of goods for commerce within the meaning of 29 U, S.C. § 203(e), (r), and (s).

49. At all relevant times, Defendants employed Plaintiffs and the members of the Volunteer Class within the meaning of 29 U.S.C. § 203(g),

50. Defendants have engaged in a policy and/or practice of failing to pay Plaintiff and the Volunteer Class the applicable minimum wage for all hours they suffered or permitted them to work.

51. As a result of these minimum wage violations, Plaintiffs and the members of the Volunteer Class have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U, S.C. § 216(b).

52.   Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint are unlawful. Defendants have not made a good-faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the members of the Volunteer Class.

53.   Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U, S, C. § 255.

54.   Members of the Volunteer Class are entitled to collectively participate in this action by choosing to "opt-in" and submitting written Consents to Join this action, 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### Violation of Fair Labor Standards Act – Recordkeeping Violations
[29 U.S.C. § 201 et seq.]
(Plaintiffs and Volunteer Class Against All Defendants)

55.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

56.   Defendants failed to make, keep, and preserve accurate records with respect to Plaintiff and members of the Volunteer Class, including hours worked each workday and total hours worked each workweek, as required by the FLSA, 29 U.S.C. § 211(c), and supporting federal regulations.

## THIRD CAUSE OF ACTION
### Failure to Pay Minimum Wages and Liquidated Damages
[(Cal. Labor Code §§ 558, 1194, 1194.2, 1197, 1198); IWC Wage Orders]
(Plaintiffs and CALIFORNIA CLASS Against All Defendants)

57.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

58.   At all times relevant to this complaint, Defendants, and each of them, failed, and have continued to fail, to pay Plaintiffs and each California Class member all wages due, including the minimum wage, as required by law.

59.   As a direct and proximate result of the acts and/or omissions of each Defendants, Plaintiff and each California Class member has reported to work as required and has not been compensated for time working for the employer and/or while under the control of the employer. Accordingly, each Plaintiff and each California Class member has been deprived of wages due, including minimum wages,

1 in amounts to be determined at trial.

2   60.   The applicable minimum wages fixed by the commission for Plaintiff and the California

3 Class members is found in Wage Order.

4   61.   Pursuant to California Labor Code § 1194 and 1194.2 as a result of Defendants' failure to

5 pay Plaintiffs and the California Class members all wages due, Plaintiffs and the California Class

6 members are entitled to each recover the unpaid wages and liquidated damages in an amount equal to

7 the wages unlawfully unpaid, plus interest, fees and costs thereon.

8 ### FOURTH CAUSE OF ACTION
9 #### FAILURE TO MAINTAIN REQUIRED RECORDS
Cal. Labor Code §§ 226, 1174
10 **(By Plaintiffs and the California Class Against All Defendants)**

11   62.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding

12 paragraphs.

13   63.   During the Class Period, as part of Defendants' illegal payroll policies and practices to

14 deprive Plaintiff and California Class of all wages earned and due, Defendants knowingly and

15 intentionally failed to maintain records as required under California Labor Code §§ 226, 1174, and

16 applicable IWC Wage Orders, including but not limited to the following records: total daily hours

17 worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing

18 when each employee begins and each work period; and accurate itemized statements.

19   64.   As a proximate result of Defendants' unlawful actions and omissions, Plaintiff and

20 California Class have been damaged in an amount according to proof at trial, and are entitled to all

21 wages earned and due, plus interest thereon. Additionally, Plaintiff and California Class are entitled to

22 all available statutory penalties, including but not limited to civil penalties pursuant to California Labor

23 Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees,

24 including but not limited to those provided in California Labor Code § 226(e), as well as other available

25 remedies.

26 ### FIFTH CAUSE OF ACTION
#### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
Cal. Labor Code § 226
27 **(By Plaintiff and California Class Against All Defendants)**

28   65.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding

paragraphs.

66.   During the Class Period, Defendants routinely failed to provide Plaintiff and Class Members with timely, accurate, and itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity or entities employing Plaintiff and Class Members and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and applicable IWC Wage Orders. During the Class Period, Defendants knowingly and intentionally failed to provide Plaintiff and Class Members with timely, accurate, and itemized wage statements in accordance with California Labor Code§ 226(a).

67.   As a proximate result of Defendants' unlawful actions and omissions, Plaintiff and Class Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, Plaintiff and Class Members are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California, Labor Code § 226(e), as well as other available remedies.

**SIXTH CAUSE OF ACTION**
**MISCLASSIFICATION**
**Cal. Labor Code §§ 226.8**
**(By Plaintiffs and California Class Against All Defendants)**

68.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

69.   During the Class Period, Plaintiffs and California Class were employees of Defendants. However, Defendants purposefully misclassified Plaintiffs and the California Class by not classifying them as employees because, by doing so, Defendants lowered their cost of doing business by unfair and unlawful means of, but not limited to: (a) Defendants did not report or pay the employer's share of federal or state payroll taxes with respect to any of the funds paid to Plaintiff, as required by federal and state law; (b) Defendants did not provide or pay for workers' compensation insurance for Plaintiff; (c) Defendants did not provide or pay for state disability insurance; and (d) Defendants did not provide or

1   pay for benefits to Plaintiffs and California Class that others of Defendants' employees received.

2   70.   As a direct and proximate result of the aforementioned violations of California law

3   committed by Defendants, Plaintiff has suffered, and continues to suffer, substantial losses related to the

4   loss of the employer's share of payroll taxes, the use and enjoyment of such employee benefits, and

5   expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligations under

6   state law, all to their damage in amounts according to proof at trial.   Additionally, Plaintiff and

7   California Class are entitled to all available statutory penalties, including but not limited to civil

8   penalties pursuant to California Labor Code §§ 226.8, and an award of costs, expenses, and reasonable

9   attorneys' fees, as well as other available remedies.

### SEVENTH CAUSE OF ACTION
### FAILURE TO PAY WAGES TIMELY UPON CESSATION OF EMPLOYMENT
### Cal. Labor Code § 203
### (By Plaintiffs and California Class against Defendants)

71.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

72.   At all relevant times, Plaintiffs and the other members of the California Class were covered by Labor Code Section 201 or 202.

73.   Pursuant to Labor Code Sections 201 or 202, Plaintiffs and other members of the California Class were entitled upon cessation of employment with Defendant to timely payment of all wages earned and unpaid prior to termination.   Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.   Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

74.   Defendants failed to timely pay Plaintiffs and other members of the California Class all wages earned and unpaid prior to termination in accordance with Labor Code Section 201 or 202. Plaintiffs are informed and believe and thereon allege that by failing to pay for all work time, at all relevant times within the applicable limitations period, Defendants maintained and continue to maintain

1    a policy or practice of not paying terminated employees all their final wages earned before termination,

2    due under Labor Code Section 201 or 202.

3         75.     Defendants' failure to pay Plaintiffs and members of the California Class all wages

4    earned prior to termination in accordance with Labor Code Sections 201 or 202 was willful. Defendants

5    had the ability to pay all wages earned by employees prior to termination in accordance with Labor

6    Code Sections 201 or 202, but intentionally adopted policies or practices incompatible with the

7    requirements of Labor Code Sections 201 or 202.

8         76.     Pursuant to Labor Code Section 201 or 202, Plaintiffs and other members of the

9    California Class are entitled to all wages earned prior to termination that Defendants failed to pay them.

10        77.     Pursuant to Labor Code Section 203, Plaintiffs and other members of the California Class

11    are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon

12    termination until paid, up to a maximum of 30 days.

13        78.     As a result of Defendants' conduct, Plaintiffs and other members of the California Class

14    have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages

15    earned prior to termination.

16        79.     As a result of Defendants' conduct, Plaintiffs and members of the California Class have

17    suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages

18    owed under Labor Code Section 203.

19        80.     Pursuant to Labor Code Sections 218 and 218.5, Plaintiffs and other members of the

20    California Class are entitled to recover the full amount of their unpaid wages, continuation wages under

21    Labor Code Section 203, reasonable attorneys' fees and costs of suit. Pursuant to Labor Code Section

22    218.6 or Civil Code Section 3287(a), Plaintiffs and other members of the California Class are entitled to

23    recover prejudgment interest on the amount of their unpaid wages and unpaid continuation wages.

**EIGHTH CAUSE OF ACTION**
**UNFAIR COMPETITION**
**Business & Professions Code § 17200**
**(By Plaintiffs and the California Class Against All Defendants)**

24

25

26        81.     Plaintiffs re-allege and incorporates by reference all allegations in all preceding

27    paragraphs.

28

82.     Section 17200 of the California Business and Professions Code prohibits any unlawful, unfair or fraudulent business act or practice.

83.     Plaintiffs bring this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein. Plaintiffs and members of the California Class have suffered and continue to suffer injury in fact and deprivation of wages and monies as a result of Defendants' actions.

84.     The actions of Defendants, as herein alleged, amount to conduct which is unlawful and a violation of law. As such, said conduct constitutes unfair business practices, in violation of Business and Professions Code § 17200 et. seq.

85.     Defendants' conduct as herein alleged has damaged Plaintiffs and the members of the California Class by denying them wages due and payable, and by failing to provide proper wage statements. Defendants' actions are thus substantially injurious to Plaintiff and the members of the California Class, causing them injury in fact and loss of money.

86.     As a result of such conduct, Defendants have unlawfully and unfairly obtained monies owed to Plaintiff and the members of the California Class.

87.     Defendants collect identifying information and other documentation from each volunteer, and thus, all members of the California Class can be identified by reference to records in the possession of the Defendants. The amount of wages due to Plaintiffs and members of the California Class can be readily determined from Defendants' records. The members of the California Class are entitled to restitution of monies due and obtained by Defendants during the Class Period as a result of Defendants' unlawful and unfair conduct.

88.     During the Class Period, Defendants committed, and continue to commit acts of unfair competition as defined by Sections 17200 et. seq. of the Business and Professions Code, by and among other things, engaging in the acts and practices described above.

89.     Defendants' course of conduct, acts, and practices in violation of the California laws, as mentioned in each paragraph above, constitute distinct, separate and independent violations of Sections 17200 et seq. of the Business and Professions Code.

90.     The harm to Plaintiffs and the members of the California Class of being wrongfully

1  denied lawfully earned but unpaid wages outweighs the utility, if any, of Defendants' policies and

2  practices and, therefore, Defendants' actions described herein constitute an unfair business practice or

3  act within the meaning of Business and Professions Code § 17200, et seq.

4      91.    Defendants' conduct described herein threatens an incipient violation of California's

5  wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens

6  or harms competition.

7      92.    Defendants' course of conduct described herein further violates Business and Professions

8  Code § 17200, et seq., in that it is fraudulent, improper, and/or unfair.

9      93.    The unlawful, unfair, and fraudulent business practices and acts of Defendants as

10  described herein above have injured Plaintiff and members of the Volunteer Class in that they were

11  wrongfully denied the timely and full payment of wages owed to them.

12      94.    Defendants have been unjustly enriched as a direct result of their unlawful business

13  practices alleged in this complaint and will continue to benefit from those practices and have an unfair

14  competitive advantage if allowed to retain the unpaid wages.

15

16  **NINTH CAUSE OF ACTION**
   **VIOLATION OF CALIFORNIA'S PRIVATE ATTORNEY GENERAL ACT**

17  **LABOR CODE § 2698 *et seq.***
   **(By Plaintiffs and California Class against Defendants - NOT A CLASS ACTION CAUSE OF**

18  **ACTION)**

19      95.    Plaintiffs re-allege and incorporates by reference all allegations in all preceding

20  paragraphs except for paragraph 34-42.

21      96.    As a result of the acts alleged above, Plaintiffs seeks penalties under Labor Code § 2699,

22  et seq. because of Defendant's violation of Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512,

23  1194, and 1199 and 2699 et seq., which call for civil penalties.

24      97.    Plaintiffs and all other aggrieved employees are entitled to penalties in an amount to be

25  shown at the time of trial subject to the following formula:

26          a.   $100 for the initial violation per employee per pay period; and

27          b.   $200 for each subsequent violation per employee per pay period.

28      98.    These penalties will be allocated 75% to the Labor Workforce Development Agency and

1    25% to the affected employees.

2        99.    As required by law, Plaintiffs sent a letter to the LWDA and Defendants setting forth the

3    facts and theories of the violations alleged against Defendants, as prescribed by Labor Code § 2698 et

4    seq.

5                                          **PRAYER FOR RELIEF**

6        WHEREFORE, Plaintiffs, on behalf of themselves, and on behalf of the members of the

7    Volunteer Class, pray for judgment against defendants as follows:

8        1.    For an order certifying the proposed class and subclass;

9        2.    For a Declaration that Defendants have violated the FLSA;

10       3.    For the attorneys appearing on the above caption to be named class counsel and for the

11             named Plaintiffs to be appointed class representatives;

12       4.    For payment of unpaid wages in accordance with California labor law;

13       5.    For payment of unpaid wages in accordance with the FLSA;

14       6.    For payment of penalties in accordance with California law, including but not limited to

15             penalties pursuant to California Labor Code §§ 203, 226(e) and 2699;

16       7.    For Defendants to be found to have engaged in unfair competition in violation of California

17             Business and Professions Code § 17200, et seq.;

18       8.    For Defendants to be ordered and enjoined to make restitution to Plaintiffs and the class and

19             disgorgement of profits from their unlawful business practices and accounting, pursuant to

20             California Business and Professions Code § 17203 and 17204;

21       9.    For interests, attorneys' fees and cost of suit under Labor Code § 226 and 1194 and Code of

22             Civil Procedure § 1021.5;

23       10.   For an Order enjoining Defendants from any further violations of the FLSA;

24       11.   For all such other and further relief that the court may deem just and proper.

25

26

27

28

Respectfully Submitted,

DATED: September 20, 2018          LABOR LAW PC

By: _____
     Danny Yadidsion

Attorneys for Plaintiffs
KEITH ERNST, ARTHUR OGANESYAN, and
ALAN NAH, individually, and on behalf of the
putative class

## JURY DEMAND

   Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand a trial by jury on all applicable claims in this case.


Respectfully Submitted,

DATED: September 20, 2018          LABOR LAW PC

By: _____
     Danny Yadidsion

Attorneys for Plaintiffs
KEITH ERNST, ARTHUR OGANESYAN, and
ALAN NAH, individually, and on behalf of the
putative class

**EXHIBIT A**

# EXHIBIT A

Danny Yadidsion (SBN 260282)
LABOR LAW PC
100 Wilshire Blvd, Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
Facsimile: (877) 775-2267
Danny@LaborLawPC.com

Attorneys for Plaintiffs
KEITH ERNST, ARTHUR OGANESYAN, and ALAN NAH,
individually, and on behalf of the putative class

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

KEITH ERNST, ARTHUR OGANESYAN, and
ALAN NAH, individually and on behalf of all
others similarly situated,

    Plaintiffs,

  v.

ZOGSPORTS, an unknown business entity; and
DOES 1- 50, Inclusive,

    Defendants.

CLASS, REPRESENTATIVE, AND
COLLECTIVE ACTION

PLAINTIFF KEITH ERNST'S CONSENT TO
JOIN THE FAIR LABOR STANDARDS ACT
COLLECTIVE ACTION

### FLSA CONSENT FORM

I, KEITH ERNST, want to be a named Plaintiff and proposed representative in the above-captioned lawsuit. I worked as a VOLUNTEER EMPLOYEE (an unpaid volunteer referee) for Defendants within the past three years of September 2018. I believe that I and others similarly situated current and former VOLUNTEER EMPLOYEES were not paid for all worked performed. I hereby opt in and consent to the law firm of LABOR LAW PC to bring suit against Defendants under the FLSA on my behalf. I have reviewed the FLSA collective action complaint and understand that this lawsuit has been brought on my behalf and on behalf of all similarly situated current and former VOLUNTEER EMPLOYEES of Defendants. I understand that the FLSA lawsuit seeks to recover unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs, and other types of recovery for employees. I understand that the attorneys are being retained on a contingency fee basis. I further understand and agree that by joining in this FLSA action, I will be bound by an adjudication of the Court in this action.

Dated: September 19th, 2018          By: _Keith Ernst_
                                          Keith Ernst

1   Danny Yadidsion (SBN 260282)
    LABOR LAW PC
2   100 Wilshire Blvd, Suite 700
    Santa Monica, California 90401
3   Telephone: (310) 494-6082
    Facsimile: (877) 775-2267
4   Danny@LaborLawPC.com

5   Attorneys for Plaintiffs
    KEITH ERNST, ARTHUR OGANESYAN, and ALAN NAH,
6   individually, and on behalf of the putative class

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF LOS ANGELES

10

11   KEITH ERNST, ARTHUR OGANESYAN, and     **CLASS, REPRESENTATIVE, AND**
    ALAN NAH, individually and on behalf of all     **COLLECTIVE ACTION**
12   others similarly situated,

13                Plaintiffs,     **PLAINTIFF ALAN NAH'S CONSENT TO**
                                  **JOIN THE FAIR LABOR STANDARDS ACT**
14         v.                                 **COLLECTIVE ACTION**

15

16   ZOGSPORTS, an unknown business entity; and
    DOES 1- 50, Inclusive,
17                Defendants.

18

19

20

21

22

23

24

25

26

27

28

## FLSA CONSENT FORM

I, ALAN NAH, want to be a named Plaintiff and proposed representative in the above-captioned lawsuit. I worked as a VOLUNTEER EMPLOYEE (an unpaid volunteer referee) for Defendants within the past three years of September 2018. I believe that I and others similarly situated current and former VOLUNTEER EMPLOYEES were not paid for all worked performed. I hereby opt in and consent to the law firm of LABOR LAW PC to bring suit against Defendants under the FLSA on my behalf. I have reviewed the FLSA collective action complaint and understand that this lawsuit has been brought on my behalf and on behalf of all similarly situated current and former VOLUNTEER EMPLOYEES of Defendants. I understand that the FLSA lawsuit seeks to recover unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs, and other types of recovery for employees. I understand that the attorneys are being retained on a contingency fee basis. I further understand and agree that by joining in this FLSA action, I will be bound by an adjudication of the Court in this action.

Dated: September 17, 2018                    By: _____
                                                  Alan Nah

2

1  Danny Yadidsion (SBN 260282)
    LABOR LAW PC
2  100 Wilshire Blvd, Suite 700
    Santa Monica, California 90401
3  Telephone: (310) 494-6082
    Facsimile: (877) 775-2267
4  Danny@LaborLawPC.com

5  Attorneys for Plaintiffs
    KEITH ERNST, ARTHUR OGANESYAN, and ALAN NAH,
6  individually, and on behalf of the putative class

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             FOR THE COUNTY OF LOS ANGELES

10

11  KEITH ERNST, ARTHUR OGANESYAN, and    **CLASS, REPRESENTATIVE, AND**
    ALAN NAH, individually and on behalf of all    **COLLECTIVE ACTION**
12  others similarly situated,

13                        **PLAINTIFF ARTHUR OGANESYAN'S**
             Plaintiffs,           **CONSENT TO JOIN THE FAIR LABOR**
14                       **STANDARDS ACT COLLECTIVE ACTION**
       v.

15

16  ZOGSPORTS, an unknown business entity; and
    DOES 1- 50, Inclusive,
17

18             Defendants.

19

20

21

22

23

24

25

26

27

28

**FLSA CONSENT FORM**

I, ARTHUR OGANESYAN, want to be a named Plaintiff and proposed representative in the above-captioned lawsuit. I worked as a VOLUNTEER EMPLOYEE (an unpaid volunteer referee) for Defendants within the past three years of September 2018. I believe that I and others similarly situated current and former VOLUNTEER EMPLOYEES were not paid for all worked performed. I hereby opt in and consent to the law firm of LABOR LAW PC to bring suit against Defendants under the FLSA on my behalf. I have reviewed the FLSA collective action complaint and understand that this lawsuit has been brought on my behalf and on behalf of all similarly situated current and former VOLUNTEER EMPLOYEES of Defendants. I understand that the FLSA lawsuit seeks to recover unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs, and other types of recovery for employees. I understand that the attorneys are being retained on a contingency fee basis. I further understand and agree that by joining in this FLSA action, I will be bound by an adjudication of the Court in this action.

Dated: September 17, 2018                    By: _____

ARTHUR OGANESYAN