ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Law Corporation
Scott K. Dauscher        State Bar No. 204105
    SDauscher@aalrr.com
Amber S. Healy        State Bar No. 232730
    AHealy@aalrr.com
David Kang        State Bar No. 303562
    David.Kang@aalrr.com
12800 Center Court Drive South, Suite 300
Cerritos, California 90703-9364
Telephone:  (562) 653-3200
Fax:  (562) 653-3333

Attorneys for Defendant ZOGSPORTS
HOLDINGS LLC, erroneously sued as
ZOGSPORTS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| KEITH ERNST, ARTHUR OGANESYAN, and ALAN NAH, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>ZOGSPORTS, an unknown business entity; and DOES 1-50, Inclusive,<br><br>                    Defendant. | Case No.        2:18-cv-09043-RGK (MRWx)<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT PURSUANT TO FED. R. CIV. PROC. R. 15(A)(2)**<br><br>**[DECLARATION OF AMBER S. HEALY FILED CONCURRENTLY HEREWITH]**<br><br>Date:        January 22, 2019<br>Time:        9:00 AM<br>Judge:        Hon. R. Gary Klausner<br>Ctrm.:        850<br><br>Removal Filed: October 22, 2018<br>Complaint Filed:   September 20, 2018<br>[Los Angeles County Superior Court] |

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...................................................................................... 7

II.  ARGUMENT ............................................................................................. 9

    A.   PLAINTIFFS' MOTION MUST BE DENIED FOR FAILURE TO COMPLY WITH LOCAL RULE 7-3 ....................................................... 9

    B.   PLAINTIFFS' MOTION MUST BE DENIED BECAUSE THE PROPOSED AMENDMENT IS FUTILE, SUBJECT TO DISMISSAL, AND WAS FILED IN BAD FAITH ............................... 12

        1.   Plaintiffs' Proposed Amendment is Futile Because They Failed to Exhaust Their Administrative Remedies................... 13

        2.   Plaintiffs Have Failed to Sufficiently Plead Their Wage-Based Claims Such That Amendment Would be Futile........... 14

        3.   Plaintiffs' Sixth Cause of Action Fails to State a Claim Rendering the Amendment Futile............................................. 16

        4.   Plaintiffs Have Failed to Sufficiently Plead Joint Employer/Alter Ego Liability Under State and Federal Law ...................................................................................... 17

        5.   Plaintiffs' Labor Code Claims Under Section 558.1 are Inapplicable, Insufficiently Pled, and Subject to Dismissal..... 20

        6.   Plaintiffs' Counsel Has Engaged in Unprofessional and Bad Faith Conduct ................................................................. 24

    C.   PLAINTIFFS' MOTION MUST BE DENIED BECAUSE IT WILL RESULT IN UNDUE PREJUDICE TO DEFENDANT ........... 24

III. CONCLUSION ....................................................................................... 25

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

# TABLE OF AUTHORITIES

**Pages**

**FEDERAL CASES**

Adedapoidle-Tyehimba v. Crunch, LLC
  2013 WL 4082137 (N.D. Cal. 2013) ................................................................ 21

Ashcroft v. Iqbal
  556 U.S. 662 (2009) ........................................................................... 15, 16, 18

Bell Atlantic Corp. v. Twombly
  550 U.S. 544 (2007) ........................................................................... 15, 16, 18

Bohn v. Pharmavite, LLC
  2013 WL 4517173 (C.D. Cal. 2013) ............................................................ 9, 10

Boucher v. Shaw
  572 F.3d 1087 (9th Cir. 2009) ...................................................................... 19

Bush v. Vaco Tech. Services, LLC
  2018 WL 2047807 (N.D. Cal. 2018) ............................................................. 15

Carrico v. City & County of San Francisco
  656 F.3d 1002 (9th Cir. 2011) ...................................................................... 13

Cordell v. PICC Lines Plus LLC
  2016 WL 4702654 (N.D. Cal. 2016) ............................................................. 21

Eminence Capital, LLC v. Aspeon, Inc.
  316 F.3d 1048 (9th Cir. 2003) ...................................................................... 25

Freeman v. Zillow, Inc.
  2015 WL 5179511 (C.D. Cal. 2015) ............................................................. 15

Ghazali v. Moran
  46 F.3d 52 (9th Cir. 1995) ............................................................................. 9

Guifu Li v. A Perfect Day Franchise, Inc.
  281 F.R.D. 373 (N.D. Cal. 2012) .................................................................. 19

Gunn v. Family Dollar Stores, Inc.
  2016 WL 7030363 (S.D. Cal. 2016) ............................................................. 14

HSBC Realty Credit Corp. (USA) v. O'Neill
  745 F.3d 564 (1st Cir. 2014) ............................................................. 14, 16, 18

Johnson v. Serenity Transportation, Inc.
  141 F. Supp. 3d 974, 990 (N.D. Cal. 2015) ................................................. 21

Lambert v. Ackerley
  180 F.3d 997 (9th Cir. 1999) ........................................................................ 20

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

016463.00008
22350165.1

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO AMEND COMPLAINT**

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**Pages**

Landers v. Quality Commun., Inc.
  771 F.3d 638 (9th Cir. 2014) ............................................................. 15, 16

Pisciotta v. Teledyne Industries, Inc.
  91 F.3d 1326 (9th Cir.1996) .................................................................... 13

Reiser v. Safeco Ins. Co. of Am.
  2012 WL 12878611 (C.D. Cal. 2012) ..................................................... 10

Roush v. MSI Inventory Service Corp.
  2018 WL 3637066 (E.D. Cal. 2018) ........................................................ 20

Saul v. United States
  928 F.2d 829 (9th Cir. 1991) ............................................................. 13, 16

Silva v. Di Vittorio
  658 F.3d 1090 (9th Cir. 2011) ................................................................. 13

Singer v. Live Nation Worldwide, Inc.
  2012 WL 123146 (C.D. Cal. 2012) ............................................. 10, 11, 24

Tan v. GrubHub, Inc.
  171 F.Supp.3d 998, 1011 (N.D. Cal. 2016) ............................................ 14

Universal Mortgage Co. v. Prudential Ins. Co.
  799 F.2d 458 (9th Cir.1986) .................................................................... 16

W. Shoshone Nat'l Council v. Molini
  951 F.2d 200 (9th Cir. 1991) ............................................................. 13, 24

Woods v. City of San Diego
  678 F.3d 1075 (9th Cir. 2012) ................................................................. 13

**STATE CASES**

Baize v. Estridge Companies
  142 Cal.App.4th 293 (2006) .................................................................... 18

Bradstreet v. Wong
  161 Cal.App.4th 1440 (2008) .................................................................. 23

Caliber Bodyworks, Inc. v. Superior Court
  134 Cal.App.4th 365 (2005) .................................................................... 14

Futrell v. Payday California, Inc.
  190 Cal.App.4th 1419 (2011) .................................................................. 19

Jones v. Gregory
  137 Cal.App.4th 798 (2006) .................................................................... 23

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

016463.00008
22350165.1

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO AMEND COMPLAINT

# TABLE OF AUTHORITIES
## (CONTINUED)

**Pages**

Lu v. Hawaiian Gardens Casino, Inc.
  50 Cal.4th 592 (2010)................................................................ 17, 21, 22

Martinez v. Combs
  49 Cal.4th 35 (2010)................................................................................ 19

Moradi-Shalal v. Fireman's Fund Ins. Cos.
  46 Cal.3d 287 (1988)............................................................................... 22

Noe v. Superior Court
  237 Cal.App.4th 316 (2015).............................................................. 16, 17

Preston v. State Bd. of Equalization
  25 Cal.4th 197 (2001)............................................................................. 20

Reynolds v. Bement
  36 Cal.4th 1075 (2005).................................................................... 19, 23

Tapia v. Super. Ct.
  53 Cal.3d 282 (1991).............................................................................. 20

Thurman v. Bayshore Transit Management, Inc.
  203 Cal.App.4th 1112 (2012)................................................................. 17

**FEDERAL CODES/STATUTES**

Federal Labor Standards Act ...................................................... 15, 19, 21

**STATE CODES/STATUTES**

California Labor Code § 2698, *et seq.*........................................... 7, 13, 14

California Labor Code § 226.8 ........................................................... 16, 17

California Labor Code § 558.1 .............................................................passim

California Labor Code § 558.1(a) ............................................................. 22

California Labor Code § 2699.3 ............................................................... 13

California Labor Code § 2699.3(a)(2)(A) ........................................... 13, 14

**OTHER AUTHORITIES**

Cal. Assemb. Comm. on Labor & Emp't., S.B. 588 (July 1, 2015)............. 20, 22, 23

Fed. R. Civ. Proc. Rule 8(a)(2) ...................................................... 14, 16, 18

Fed. R. Civ. Proc. Rule 12(b)(6) .................................................... 14, 18, 21

Fed. R. Civ. Proc. Rule 15(a) ................................................................... 25

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

**TABLE OF AUTHORITIES**
**(CONTINUED)**

<u>**Pages**</u>

Fed. R. Civ. Proc. Rule 15(a)(2)................................................................. 7

Fed. R. Civ. Proc. Rule 30(b)(6)............................................................... 12

Local Rule 7-3 ..................................................................... passim

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

016463.00008
22350165.1

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO AMEND COMPLAINT

# I.  <u>INTRODUCTION</u>

Defendant ZogSports Holdings, LLC ("ZogSports") respectfully submits this Opposition to Plaintiffs Keith Ernst, Arthur Oganesyan, and Alan Nah's ("Plaintiffs") Motion for Leave to Amend Complaint Pursuant to Fed. R. Civ. Proc. Rule 15(a)(2).

While Plaintiffs portray this case as a run-of-the-mill wage and hour putative class action, this case is far from typical and will likely be subject to summary disposition at an early stage.  Plaintiffs – as well as their present counsel – were consumers that purchased goods/services from ZogSports.  Specifically, they registered and paid to participate in an adult recreational sports league organized by ZogSports. As part of their participation, Plaintiffs' teams periodically volunteered one of their players to officiate another game.  Based on these facts, Plaintiffs claim that an employment relationship was formed between ZogSports and each consumer that registered to play and participate in the league.  There is no legal precedent for this claim, and its factual underpinning is equally specious.

Plaintiffs now seek to amend their Complaint to add two individual defendants:  ZogSports's Chief Executive Officer (CEO) Robert Herzog, and Chief Operating Officer (COO) Michael Mortellaro.  They do so without complying with Local Rule 7-3, which requires a meaningful discussion of the proposed motion with counsel.  Further, they do so without having fully exhausted the administrative pre-requisites regarding their proposed amendment to add Mr. Herzog and Mr. Mortellaro to their cause of action under California Labor Code's Private Attorneys General Act, Labor Code section 2698, *et seq.* ("PAGA").

They also seek an amendment without pleading <u>any</u> relevant law or facts in support of their new allegations, in violation of federal pleading standards, rendering the proposed amendment both procedurally defective and substantively futile. Finally, they do so while engaging in unprofessional and bad faith conduct, forcing ZogSports's primary counsel to oppose this motion on the Monday immediately

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1   following a shortened holiday week during which she was out of the office on a

2   scheduled vacation – a fact that was previously communicated to Plaintiffs' counsel.

3   Plaintiffs' counsel decided to take advantage of ZogSports's counsel's absence by

4   filing this motion, as well as a separate *ex parte* application for relief on a discovery

5   issue, which was summarily denied by Magistrate Judge Wilner based in part on the

6   failure of Plaintiffs' counsel to sufficiently meet and confer.  Dkt. No. 18.

7        Plaintiffs' proposed amendment will prejudice ZogSports, which has already

8   incurred significant expense in defending against this utterly frivolous suit and

9   should not be compelled to spend additional money challenging Plaintiffs' improper

10  and deficient pleading.  Indeed, while Plaintiffs attempt to frame this case as an

11  employment lawsuit, there was never an employment relationship between Plaintiffs

12  and ZogSports.  Nor was there a reasonable expectation by Plaintiffs, or any other

13  consumer-participants of ZogSports, that through their purchase of goods/services

14  from ZogSports, an employment relationship was being formed.  Plaintiffs' deficient

15  complaint alleges, without any basis in law or fact, that an employment relationship

16  is created when a consumer purchases goods or products from a seller.  Plaintiffs

17  were not required to purchase the ZogSports community experience, and if Plaintiffs

18  disagreed with the experience model they were free to stop participating and could

19  have even sought a refund.  There is no legal basis for any of Plaintiffs' claims; as

20  such, their proposed amendment is futile, would result in a miscarriage of justice

21  and must be denied.

22       ZogSports thus requests that the Court deny Plaintiffs' Motion for Leave to

23  Amend in its entirety.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

## II. <u>ARGUMENT</u>

### A.   PLAINTIFFS' MOTION MUST BE DENIED FOR FAILURE TO COMPLY WITH LOCAL RULE 7-3.

Plaintiffs' motion should be denied for the simple reason that they have not complied with C.D. Cal. Local Rule 7-3.  The declaration of Plaintiffs' counsel makes this apparent.  The purpose of Local Rule 7-3 — requiring a meaningful discussion prior to filing a motion — was plainly not satisfied here, where Plaintiffs' counsel asked ZogSports's counsel to stipulate to allow Plaintiffs to allege personal liability against Mr. Herzog, without citing any authority or presenting any argument in support.  Prior to filing this instant motion, Plaintiffs' counsel *never* conferred on the proposed addition of Mr. Mortellaro as a defendant in this lawsuit.  Aside from a very cursory mention of their intent to amend to add Mr. Herzog as an individual defendant, Plaintiffs did not discuss the substance of any proposed motion with ZogSports or provide a draft of Plaintiffs' proposed amended complaint.  This is not sufficient, and permitting amendment under these circumstances will result in prejudice to ZogSports.

Local Rule 7-3 requires that a party seeking to file a motion "shall first contact opposing counsel to **discuss thoroughly**, **preferably in person**, the **substance** of the contemplated motion and any potential resolution…."  (Bold added.)   The language in Local Rule 7-3 is mandatory, not optional.  "**Failure to follow a district court's local rules is a proper ground for dismissal.**"  <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995) (bold added).  Furthermore, denial of a motion that fails to comply with the rules is appropriate.  As explained in <u>Bohn v. Pharmavite, LLC</u>, 2013 WL 4517173 (C.D. Cal. 2013):

> On January 31, 2013, Plaintiff filed an Opposition to the Application, stating that she had complied with Local Rule 7–3 because the Parties had "engaged in a dialogue regarding the class certification motion," in which "Defendant flatly stated that it intended to contest class certification on all fronts." (Dkt. No. 74, at 1).

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

Plaintiff's purported effort at complying with Local Rule 7–3 is clearly inadequate. Local Rule 7–3 provides that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." (bold emphasis added). Further, our December 20, 2011 Case Management Order not only stated that we "take[ ] this rule seriously" and required counsel to discharge their obligations under Local Rule 7–3 in good faith, but also provided that "[a]ll 7–3 conferences shall take place via a communication method that, at a minimum, allows all parties to be in realtime communication (letters and email, for example, do not constitute a proper 7–3 conference)." (Dkt. No. 6, at 4). We noted that a meet and confer conducted in good faith not only "allows for a possible informal resolution of an issue without court intervention," but also "enables the parties to brief the remaining disputes in a thoughtful, concise, and useful manner." (Id.).

**Plaintiff's characterization of the "dialogue" between the Parties suggests that no substantive discussion regarding the specific issues raised by her motion took place prior to the motion's filing. Instead, Plaintiff appears to have terminated the "dialogue" after Defendant expressed its intent to oppose the motion "on all fronts." A good faith effort to comply with Local Rule 7–3 would have required the Parties to discuss the substance of the various "fronts" to see whether the number of "fronts" may be narrowed.**

<u>Bohn v. Pharmavite, LLC</u>, 2013 WL 4517173 at *1 (bold added) (striking Plaintiff's Motion to Certify Class as a result of the failure to comply with Local Rule 7-3); see also <u>Reiser v. Safeco Ins. Co. of Am.</u> 2012 WL 12878611, at *1 (C.D. Cal. 2012) (denying motion to dismiss for failure to comply with Rule 7-3).

Further, as noted in <u>Singer v. Live Nation Worldwide, Inc.</u>, 2012 WL 123146, at *2 (C.D. Cal. 2012), "'conversations about the merits of Plaintiff's claims' do not equate with discussions regarding a contemplated motion." In that matter, the defendant submitted evidence of an "attempted in-writing 'conference' of counsel." <u>Id</u>. The Court denied the defendant's motion for summary judgment for failure to substantially comply with Local Rule 7-3, further noting that "[c]ounsel also [did] not indicate than any such conversations were held in person, which, while not

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

1   required, is preferred under the rule." <u>Id</u>.[1]

2   No thorough, in-person discussion occurred here, as is evident from the

3   declaration of Plaintiffs' counsel.  Indeed, the entirety of the exchange as to the

4   proposed addition of ZogSports's CEO, Mr. Herzog, as an individual defendant

5   reads as follows:

6   > Please advise whether Defendant is willing to stipulate to allow
    > Plaintiffs to amend the complaint to add Robert Herzog as an individual
7   > defendant under Labor Code section 558.1, joint employer, and/or alter
    > ego.
8

9   Declaration of Danny Yadidsion, ¶ 2, Exh. A.  There was no mention in that

10  correspondence, or any later correspondence, that counsel intended to seek leave to

11  amend to add Michael Mortellaro.  <u>Id.</u>  Not surprisingly, in the absence of any legal

12  or factual argument compelling a different response, ZogSports declined to stipulate

13  to the amendment regarding the addition of its CEO, Mr. Herzog.  This brief e-mail

14  communication does not amount to a substantive discussion of the merits of

15  Plaintiffs' proposal and/or their motion as it relates to Mr. Herzog or Mr. Mortellaro.

16  Similarly, regarding amendment to add ZogSports's Chief Operating Officer

17  Michael Mortellaro as an individual defendant, Plaintiffs made <u>no effort</u> to present

18  law or facts supporting their pursuit of individual liability.   Instead, Plaintiffs'

19  _____

20  [1] The <u>Singer</u> court also noted with disapproval the defendant's tactics in filing the
    subject motion during the holidays, when its counsel apparently knew opposing
21  counsel was on vacation. <u>Singer v. Live Nation Worldwide, Inc</u>., 2012 WL 123146,
    at *2 (C.D. Cal. 2012) ("While Defendant maintains it did not know Plaintiff's
22  counsel was on vacation during the holidays and Defendant was only trying to meet
    the Court's deadline for the last day for filing motions…Defendant…waited until the
23  final hour during the holidays to file its motion for summary judgment.")  Here,
    Plaintiffs' counsel did exactly what counsel in <u>Singer</u> was admonished for —
24  Plaintiffs' counsel waited until 6:15 p.m. on Friday, December 21, 2018, to file his
    motion, at which time he was aware that defense counsel's office was closed
25  December 24-25, was aware that lead counsel (Ms. Healy) was out of the office
    from December 23 to January 2, and was also aware that ZogSports's office was
26  closed from December 18 through January 2.  Declaration of Amber S. Healy ¶ 3.
    Plaintiffs' counsel also made no attempt to confer with defense counsel on the
27  proposed hearing date. <u>Id.</u>
28

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

016463.00008
22350165.1

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO AMEND COMPLAINT**

counsel declares that he "asked defense counsel whether she would stipulate to allowing Plaintiffs to file an amended complaint to add Michael Mortellaro…as an individual defendant to the lawsuit. On December 11, defense counsel responded that she would not stipulate." Yadidsion Decl. ¶ 3.  Indeed, this statement accurately reflects the substance of the conversation (or lack thereof) between Mr. Yadidsion and Ms. Healy — Plaintiffs asked if ZogSports would stipulate to add Mr. Mortellaro, on a break during the Rule 30(b)(6) deposition, and made no attempt to justify their request whatsoever even when asked for the same.  Healy Decl. ¶ 4. Aside from this brief dialogue, which was never stated to be a formal attempt to meet and confer on a contemplated motion, there were no further attempts to actually conduct the meet and confer contemplated by Rule 7-3.  Id.

The purpose of Rule 7-3 is not met here, where Plaintiffs never conducted a substantive or meaningful meet and confer and made no attempt to explain the legal or factual basis for the addition of two individual defendants.  In the absence of any persuasive legal authority or any facts supporting Plaintiffs' request, ZogSports's counsel could not stipulate to an amendment which seeks to add officers of a corporate entity.  Healy Decl. ¶ 4.

Moreover, the addition of two new defendants will result in prejudice to ZogSports, which will incur additional fees based on the need to file additional answers, brief additional legal theories in support of its anticipated summary judgment motion, and take and defend additional depositions, among other things. Healy Decl. ¶ 5.   Plaintiffs' motion must be denied for their failure to comply with Local Rule 7-3.

## B.   PLAINTIFFS' MOTION MUST BE DENIED BECAUSE THE PROPOSED AMENDMENT IS FUTILE, SUBJECT TO DISMISSAL, AND WAS FILED IN BAD FAITH.

Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise

016463.00008
22350165.1

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1    in futility.  Pisciotta v. Teledyne Industries, Inc., 91 F.3d 1326, 1331 (9th Cir. 1996).
2    Nor does the liberality in permitting amendments apply where, like here, the
3    amended complaint would be subject to dismissal.   Woods v. City of San
4    Diego, 678 F.3d 1075, 1082 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090,
5    1105–06 (9th Cir. 2011); Carrico v. City & County of San Francisco, 656 F.3d
6    1002, 1008 (9th Cir. 2011); Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).
7    Leave to amend may also be denied for bad faith.  W. Shoshone Nat'l Council v.
8    Molini, 951 F.2d 200, 204 (9th Cir. 1991) (grounds for denying amendment include
9    bad faith and futility of the amendment).

10       As detailed below, Plaintiffs amendment is futile, asserts claims subject to
11   immediate dismissal and was filed in bad faith.  Thus, denial of leave to amend is
12   warranted.

13       **1.**     **Plaintiffs' Proposed Amendment is Futile Because They Failed to**
14              **Exhaust Their Administrative Remedies.**

15       Plaintiffs' proposed amendment to add Mr. Herzog and Mr. Mortellaro as
16   individual defendants is futile and/or subject to dismissal because Plaintiffs did not
17   fully exhaust their administrative pre-requisite at the time of filing this motion.

18       Before a plaintiff can pursue a PAGA claim, the plaintiff must exhaust the
19   administrative remedies specified in California Labor Code section 2699.3.  In
20   particular, section 2699.3 requires that prospective PAGA plaintiffs "give written
21   notice by online filing with the Labor and Workforce Development Agency
22   ["LWDA"] and by certified mail to the employer of the specific provisions of this
23   code alleged to have been violated, including the facts and theories to support the
24   alleged violation."  Id. at § 2699.3(a)(1)(A).  The LWDA has 60 days from that
25   point to tell the prospective PAGA plaintiff whether or not it intends to investigate
26   the alleged violation.   Id. at § 2699.3(a)(2)(A). The prospective PAGA plaintiff can
27   file the PAGA suit after (1) receiving notice from the LWDA that the agency will
28   not investigate or, (2) if the LWDA does not provide notice, the prospective plaintiff

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO AMEND COMPLAINT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1    can file suit 65 days after the postmark date of the notice Plaintiff initially provided

2    to the LWDA and the employer.  Id.

3         Plaintiffs' request to add Mr. Herzog and Mr. Mortellaro at this juncture

4    violates California Labor Code section 2699.3(a)(2)(A).   As to Mr. Herzog,

5    Plaintiffs notified the LWDA of their proposed claims against him on November 21,

6    2018.  Healy Decl. ¶ 7, Exh. B.   Thus, Plaintiffs may not amend their Complaint to

7    add Mr. Herzog as an individual defendant until 65 days have elapsed from this

8    date, i.e., January 25, 2019.  Cal. Lab. Code § 2699.3(a)(2)(A).   As to Mr.

9    Mortellaro, Plaintiffs notified the LWDA Agency of their proposed amendment on

10   December 18, 2018.  Healy Decl. ¶ 8, Exh. C.  Thus, Plaintiffs may not amend their

11   Complaint to add Mr. Mortellaro as an individual defendant until 65 days have

12   elapsed from this date, i.e. February 21, 2019.  Cal. Lab. Code § 2699.3(a)(2)(A).

13        Courts have held that allowing plaintiffs to amend their PAGA claims where,

14   like here, Plaintiffs have not satisfied the pre-filing administrative exhaustion or

15   notice requirements frustrates the purpose of PAGA's statutory notice requirement.

16   Gunn v. Family Dollar Stores, Inc., 2016 WL 7030363, at *5 (S.D. Cal. 2016); Tan

17   v. GrubHub, Inc., 171 F.Supp.3d 998, 1011 (N.D. Cal. 2016); Caliber Bodyworks,

18   Inc. v. Superior Court, 134 Cal.App.4th 365, 384 (2005) ("exhaustion requirements

19   of the Act are mandatory.").

20        The Court should deny the instant motion because Plaintiffs' proposed

21   amendment is premature, futile and/or subject to dismissal.

22        **2.**    **Plaintiffs Have Failed to Sufficiently Plead Their Wage-Based**

23              **Claims Such That Amendment Would be Futile.**

24        In assessing futility, courts apply the same standard governing Rule 12(b)(6)

25   motions to dismiss; a proposed amendment is futile if it "does not plead enough to

26   make out a plausible claim for relief."  HSBC Realty Credit Corp. (USA) v. O'Neill

27   745 F.3d 564, 578 (1st Cir. 2014).  Notably, Fed. R. Civ. Proc. Rule 8(a)(2) requires

28   a "showing that the pleader is entitled to relief."   "Without some factual allegation

016463.00008
22350165.1

in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, fn. 3 (2007). This showing requires "more than labels and conclusions." Rather, the plaintiff must provide "factual allegations" that "raise a right to relief above the speculative level" to the "plausible" level. Id.; Ashcroft v. Iqbal, 556 U.S. 662, 679-680 (2009).

Plaintiffs' proposed amended pleading asserts claims for unpaid wages under both the Federal Labor Standards Act and the California Labor Code. In analyzing pleadings asserting such claims, the Ninth Circuit has concluded that heightened pleading requirements apply. Landers v. Quality Commun., Inc., 771 F.3d 638, 643 (9th Cir. 2014), as amended (Jan. 26, 2015) (discussing the heightened pleading requirements applicable to FLSA claims and citing with agreement cases from the First, Second and Third Circuits); Freeman v. Zillow, Inc., 2015 WL 5179511, at *3 (C.D. Cal. 2015) (applying Landers to claims under the California Labor Code).

Here, like the plaintiff in Landers, Plaintiffs' allegations contain nothing more than conclusory statements and recitations of statutory language. Plaintiffs do not identify when, if ever, an employment relationship was allegedly formed, nor do they indicate the approximate timeframe in which they allege to have "performed work," the amount of hours allegedly worked or the rate at which they contend they should have been paid. Instead, Plaintiffs state in conclusory form that they "performed work" as "volunteers" when they participated in ZogSports' recreational adult league sports — this is patently insufficient under Landers. See, Bush v. Vaco Tech. Services, LLC, 2018 WL 2047807, at *11 (N.D. Cal. 2018) (applying Landers, concluding that a failure to allege facts supporting employment relationship or specificity for unpaid wage claims renders them subject to dismissal).

As the Supreme Court has explained, Plaintiffs' pleading burden cannot be discharged by "[a] pleading that offers labels and conclusions or a formulaic

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

1   recitation of the elements of a cause of action ...” <u>Landers</u>, <u>supra</u>, 771 F.3d at 644,

2   citing to <u>Iqbal</u>, <u>supra</u>, 556 U.S. at 678.  Here, Plaintiffs’ allegations do not rise above

3   a speculative level and fail to meet the plausibility standard set forth in <u>Iqbal</u>,

4   <u>Twombly</u> and <u>Landers</u>.  Accordingly, Plaintiffs’ motion for leave to amend should

5   be denied.

6   **3.    Plaintiffs’ Sixth Cause of Action Fails to State a Claim Rendering**

7   **the Amendment Futile**

8       Plaintiffs’ sixth cause of action in their proposed First Amended Complaint

9   fails to state a claim upon which relief could be granted; therefore, permitting such

10  an amendment would be futile and must be denied.  <u>HSBC Realty Credit Corp.</u>

11  <u>(USA) v. O’Neill</u> 745 F.3d 564, 578 (1st Cir. 2014); Fed. R. Civ. Proc. Rule 8(a)(2).

12  Plaintiffs’ sixth cause of action alleges a violation of California Labor Code section

13  226.8.  Proposed FAC, Dkt. No. 13-3 at ¶¶ 72-74.  However, there is no private right

14  of action under section 226.8, thus, Plaintiffs cannot pursue such a claim and

15  permitting Plaintiffs to file an amended pleading containing a claim which they

16  cannot pursue renders the proposed amendment futile.  <u>Noe v. Superior Court</u>, 237

17  Cal.App.4th 316, 340 (2015) (holding there is no private right of action under

18  California Labor Code section 226.8); <u>Universal Mortgage Co. v. Prudential Ins.</u>

19  <u>Co.</u>, 799 F.2d 458, 459 (9th Cir.1986) (holding that leave to amend “may be denied

20  if the proposed amendment either lacks merit or would not serve any purpose

21  because to grant it would be futile”); <u>Saul v. United States</u>, 928 F.2d 829, 843 (9th

22  Cir. 1991) (where amended complaint would be subject to dismissal, leave to amend

23  is properly denied) .

24      In <u>Noe v. Superior Court</u>, 237 Cal.App.4th 316 (2015), the Court of Appeal

25  concluded unequivocally that “section 226.8 does not create a private right action.”

26  <u>Id.</u> at 340.  In reaching this conclusion, the <u>Noe</u> court explained “[i]t is well settled

27  that there is a private right of action to enforce a statute ‘only if the statutory

28  language or legislative history affirmatively indicates such an intent. That intent

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

- 16 -

need not necessarily be expressed explicitly, but if not it must be strongly implied.'" <u>Id.</u> at 337, citing to <u>Thurman v. Bayshore Transit Management, Inc.</u> 203 Cal.App.4th 1112, 1131–1132 (2012) and <u>Lu v. Hawaiian Gardens Casino, Inc.</u>, 50 Cal.4th 592, 601 fn. 6 (2010) (internal citations omitted).

Likewise, in <u>Lu v. Hawaiian Gardens Casino, Inc.</u>, the California Supreme Court explained that a private right of action will not be found to exist unless the Legislature has "clearly manifest[ed] an intent to create a private cause of action under a statute."  50 Cal.4th at 601 fn. 6.  Accordingly, when a regulatory scheme such as the California Labor Code provides "'a comprehensive scheme for enforcement by an administrative agency, the courts ordinarily conclude that the Legislature intended the administrative remedy to be exclusive unless the statutory language or legislative history clearly indicates an intent to create a private right of action.' [Citation.]" <u>Thurman</u>, <u>supra</u>, 203 Cal.App.4th at 1132; See also <u>Noe</u>, <u>supra</u>, 237 Cal.App.4th at 337.

The <u>Noe</u> court conducted a thorough examination of the language used in section 226.8 and found "Section 226.8 contains no language indicating that the Legislature intended to create a private right of action to enforce or collect the penalties set forth in the statute."  <u>Noe</u>, <u>supra</u>, 237 Cal.App.4th at 337, 336-341.  As such, Plaintiffs' sixth cause of action fails to state a plausible claim upon which relief can be granted, rendering the proposed amended pleading futile and subject to dismissal.

**4.    Plaintiffs Have Failed to Sufficiently Plead Joint Employer/Alter Ego Liability Under State and Federal Law**

Where Plaintiffs have failed to make out a plausible claim for relief, as they have here, the amendment should be rejected.  Plaintiffs' theory that consumers of goods or services become employees by virtue of participation in recreational activities is unfounded and frankly, implausible.  Furthermore, Plaintiffs have not pled any facts in support of a joint employment theory of liability; rather, they have

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

attempted (albeit insufficiently) to plead alter ego.  Accordingly, Plaintiffs' motion for leave to amend should be denied.

As noted above, when assessing futility, courts apply the same standard governing Rule 12(b)(6) motions to dismiss; a proposed amendment is futile if it "does not plead enough to make out a plausible claim for relief."  HSBC Realty Credit Corp. (USA), supra, 745 F.3d at 578.  There must be a "showing that the pleader is entitled to relief." Fed. R. Civ. Proc. Rule 8(a)(2).  As the Supreme Court has explained, barebones pleading is insufficient.  Twombly, supra, 550 U.S. at 556, fn. 3 ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").  This requires "more than labels and conclusions."  Rather, plaintiff must provide "factual allegations" that "raise a right to relief above the speculative level" to the "plausible" level.  Id.; Iqbal, supra, 556 U.S. at 679-680.  Plaintiffs proposed amendment fails to satisfy the pleading standards set forth in Twombly and Iqbal.

Instead, Plaintiffs' proposed amendment allegedly seeks to add individual corporate officer defendants on the theories that: (1) they were joint employers; and/or (2) they are subject to civil penalties under Labor Code § 558.1.  Plaintiffs' proposed amended pleading contains no allegations concerning joint employer status; rather, Plaintiffs appear to plead alter ego[2]:

> 8. Plaintiffs are informed and believe, and based thereon alleges, that there exists such a unity of interest and ownership between Defendants that the individuality and separateness of Defendants have ceased to exist.
>
> 9. Plaintiffs are informed and believe, and based thereon alleges that despite the formation of purported corporate existence, in reality, Defendants are one and the same, including, but not limited to, because:

---

[2] See Baize v. Estridge Companies, 142 Cal.App.4th 293, 302 (2006) (outlining elements for alter ego).

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

016463.00008
22350165.1

a. Defendants are completely dominated and controlled by one another, who personally violated the laws as set forth in this complaint, and who have hidden and currently hide behind each other to circumvent statutes or accomplish some other wrongful or inequitable purpose.

b. Defendants derive actual and significant monetary benefits by and through each others' unlawful conduct, and by using each other as the funding source for their own personal expenditures.

c. Plaintiffs are informed and believe that Defendants, while really one and the same, were segregated to appear as though separate and distinct for purposes of circumventing a statute or accomplishing some other wrongful or inequitable purpose.

California law does not impose personal liability on corporate officers or directors for wages owed by a corporate employer. Reynolds v. Bement, 36 Cal.4th 1075, 1085 (2005) (abrogated on other grounds in Martinez v. Combs, 49 Cal.4th 35, 75 (2010)).  That is, the definition of "employer" according to the Industrial Wage Commission does not extend to individual corporate agents acting within the scope of their agency. Id.  In order to hold a corporate officer personally liable for wage and hour violations, Plaintiffs must plead (and prove) that the officers: (1) exercised control over employees' wages, hours or working conditions; or (2) suffered or permitted employees to work; or (3) engaged employees, creating a common law employment relationship. Futrell v. Payday California, Inc., 190 Cal.App.4th 1419, 1429 (2011), citing Martinez, supra, 49 Cal.4th at 64.  Thus, Plaintiffs' amendment as to their state law claims is insufficient as a matter of law and must be denied.

Moreover, the FLSA utilizes an "economic reality" test to evaluate whether liability for wage and hour violations may properly be imposed on corporate officers. Guifu Li v. A Perfect Day Franchise, Inc., 281 F.R.D. 373, 397 (N.D. Cal. 2012), citing Boucher v. Shaw,  572 F.3d 1087, 1091 (9th Cir. 2009).  "To determine whether an individual is an employer under the FLSA, the Ninth Circuit applies a four-factor "economic reality" test that considers: Whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

1   the rate and method of payment, and (4) maintained employment records." Guifu Li,

2   supra, 281 F.R.D. at 397, citing Lambert v. Ackerley, 180 F.3d 997, 1012 (9th Cir.

3   1999).

4        Plaintiffs' proposed amended pleading addresses none of the requirements

5   under either California or federal law, instead making conclusory statements about

6   the alleged lack of separation between ZogSports and its corporate officers.  This is

7   plainly not sufficient, and Plaintiffs' proposed amendment is futile as a result.

8        **5.   Plaintiffs' Labor Code Claims Under Section 558.1 are**

9             **Inapplicable, Insufficiently Pled, and Subject to Dismissal.**

10       Plaintiffs' state law claims against Mr. Herzog and Mr. Mortellaro for

11  individual liability are subject to dismissal because California Labor Code section

12  558.1 did not exist when the alleged Labor Code violations began.

13       On January 1, 2016, California Labor Code section 558.1 went into effect.

14  Section 558.1 was enacted after the passage of S.B. 588, titled: "A Fair Day's Pay

15  Act."  In California, "[a] statute is presumed to operate prospectively unless there is

16  'an express declaration of retrospectivity or a clear indication' that the Legislature

17  intended otherwise."  Preston v. State Bd. of Equalization, 25 Cal.4th 197, 228

18  (2001) (quoting Tapia v. Super. Ct., 53 Cal.3d 282, 287 (1991)).

19       In paragraph 3 of their proposed First Amended Complaint, Plaintiffs contend

20  that "[t]he Class Period is the period from four years prior to the date the original

21  Complaint was filed, through and including the date judgment is rendered in this

22  matter."   As the Complaint was filed on September 20, 2018, Plaintiffs seek

23  damages from all defendants, including Mr. Herzog and Mr. Mortellaro, for alleged

24  Labor Code violations that began on September 20, 2014, a date more than 15

25  months *before* section 558.1 was even enacted.  Since there is no express declaration

26  nor any indication from the State Legislature that it intended section 558.1 to

27  operate retrospectively, Mr. Herzog and Mr. Mortellaro cannot be held personally

28  liable under section 558.1 for alleged conduct that occurred in 2014 and 2015.  See

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

- 20 -

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

1   Roush v. MSI Inventory Service Corp., 2018 WL 3637066, at *3 (E.D. Cal. 2018);

2   Cordell v. PICC Lines Plus LLC, 2016 WL 4702654, at *8, fn. 3 (N.D. Cal. 2016).

3       Moreover, recovery of civil penalties under Labor Code section 558.1 is

4   permitted only when a corporate officer or director "causes" wage and hour

5   violations.  Cal. Lab. Code § 558.1.  Plaintiffs' allegations concerning alter ego have

6   no bearing on any alleged actions by the individual defendants they seek to name.

7   "In addition to pleading facts in support of the…factors [above], a plaintiff seeking

8   to hold multiple entities liable as joint employers must plead specific facts that

9   explain how the defendants are related and how the conduct underlying the claims is

10  attributable to each defendant."   Johnson v. Serenity Transportation, Inc., 141 F.

11  Supp. 3d 974, 990 (N.D. Cal. 2015).  Plaintiffs' amended pleading addresses none

12  of the joint employment factors.  In the absence of any pleading in support of this

13  theory of liability, amendment should be denied on grounds of futility — as

14  Plaintiffs' conclusory allegations without any factual support are insufficient and

15  will be subject to a motion to dismiss.  See Adedapoidle-Tyehimba v. Crunch, LLC,

16  2013 WL 4082137, at *5 (N.D. Cal. 2013) (finding conclusory allegations regarding

17  joint employer status under the FLSA did not survive FRCP 12(b)(6) motion).

18      It also unclear which theory of liability Plaintiffs intend to pursue as to each

19  cause of action.  It appears Plaintiffs seek to allege both joint employer and Section

20  558.1 liability against both Mr. Herzog and Mr. Mortellaro, but these theories are

21  not applicable to all of Plaintiffs' causes of action.  For example, liability under

22  California Labor Code section 558.1 would not apply to Plaintiffs' claims under the

23  FLSA.  Plaintiffs must plead which theory applies to which claim.

24      Finally, Plaintiffs' proposed amendment is subject to dismissal because

25  California Labor Code section 558.1 does not create a private right of action.  "A

26  violation of a state statute does not necessarily give rise to a private right of action."

27  Lu v. Hawaiian Gardens Casino, Inc., 50 Cal.4th 592, 596 (2010).  Whether a party

28  has a right to sue "depends on whether the Legislature has manifested an intent to

- 21 -

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO AMEND COMPLAINT

create such a private cause of action under the statute." Id. (quotations omitted). Such legislative intent is revealed through the statutory language and its legislative history. Id. Here, the language of section 558.1 does not contain "'clear, understandable, unmistakable terms' which strongly and directly indicate that the Legislature intended to create a private cause of action."[3] Id. (citing Moradi-Shalal v. Fireman's Fund Ins. Cos., 46 Cal.3d 287, 295 (1988)). The legislative history is therefore instructive. Id. at 597.

The legislative history of S.B. 588 shows that the amendment was focused on providing stronger enforcement mechanisms for wage theft **to the Labor Commissioner**, not to private citizens. See Healy Decl. ¶ 10, Exh. E, Cal. S. Judiciary Comm., S.B. 588, 2015-2016 Reg. Sess. (Apr. 28, 2015) (S.B. 588 was designed to "address wage theft by authorizing the Labor Commissioner to enforce judgments . . . against an employer arising from the employer's nonpayment of wages" and to "establish procedures through which the Labor Commissioner could enforce judgments against employers who fail to satisfy a final judgment relating to the nonpayment of wages to employees"). As described by the author of S.B. 588:

> S.B. 588 . . . gives the Labor Commissioner the authority to hold individual business owners accountable for their debts to workers. By applying an existing enforcement law to wage claims, responsible individuals can be issued citations personally. This will discourage business owners from rolling up their operations and walking away from their debts to workers and starting a new company.

Id. A review of the entirety of S.B. 588's legislative history confirms that the Legislature did not intend to drastically expand the scope of individual liability for

---

[3] Labor Code section 558.1 states, in relevant part: "Any employer or other person acting on behalf of the employer, who violates, or causes to be violated, any provision regarding minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." Cal. Lab. Code § 558.1(a).

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

unpaid wages. See Healy Decl. ¶ 11, Exh. F, Cal. S. Rules Comm., S.B. 588 (May 31, 2015) (S.B. 588 "allows the Labor Commissioner to file a lien or levy against an employer's property in order to assist the employee in collecting unpaid wages where there is a judgment against the employer"); Healy Decl. ¶ 12, Exh. G, Cal. Assemb. Comm. on Labor & Emp't., S.B. 588 (July 1, 2015) (same); Healy Decl. ¶ 13, Exh. H, Cal. Assemb. Floor Analysis, S.B. 588 (Sept. 4, 2015) (S.B. 588 "gives the Labor Commissioner additional tools to collect from employers who have exhausted all appeals for their non-payment of wages and have final judgments owed" and "gives the Labor Commissioner the authority to hold individual business owners accountable for their debts to workers").

It is clear that the legislative intent behind S.B. 588 was to expand **_the Labor Commissioner's_** authority to enforce judgments for wage theft violations. Nothing in either the statutory language or the legislative history suggests that the Legislature intended to create a private right of action to hold individuals personally liable for unpaid wages. This interpretation is consistent with well-settled California Supreme Court precedent that individual defendants cannot be held personally liable for unpaid wages under the California Labor Code  Reynolds v. Bement, 36 Cal.4th 1075, 1169 (2005); see also Bradstreet v. Wong, 161 Cal.App.4th 1440, 1450-52 (2008) (even individuals who served as directors of closely held corporations, owned capital stock, and were responsible for bookkeeping and payroll cannot be held individually liable under the California Labor Code as "employers");  Jones v. Gregory, 137 Cal.App.4th 798, 811 (2006) (even individual defendant who was CEO of corporate defendant could not be held individually liable for the corporation's Labor Code violations).

Even assuming, _arguendo_, a private right of action exists under section 558.1 (it does not), Plaintiffs' Labor Code claims against Mr. Herzog and Mr. Mortellaro will fail because there are no allegations that either individual was personally involved in or caused the alleged unpaid wage violations that Plaintiffs complain of.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiffs' claims are subject to dismissal; therefore, the Court should deny Plaintiffs motion for leave to amend.

### 6.     Plaintiffs' Counsel Has Engaged in Unprofessional and Bad Faith Conduct

Plaintiffs' willful failure to comply with Local Rule 7-3 demonstrates bad faith, which is a sufficient basis for the Court to deny the instant motion. W. Shoshone Nat'l Council, supra, 951 F.2d at 204.  Plaintiffs' bad faith is further evidenced by the fact that Plaintiffs timed the filing of this motion such that ZogSports's opposition was due on a Monday, immediately following a shortened holiday week during which time ZogSports's primary counsel was out of the office on a scheduled vacation – a fact that ZogSports's primary counsel previously communicated to Plaintiffs' counsel.  Plaintiffs' counsel decided to take advantage of the situation by engaging in scorched earth litigation during her absence.  Lest there be any question about Plaintiffs' bad faith tactics, Plaintiffs' counsel waited until the afternoon of Thursday, December 27, 2018 to notify ZogSports's counsel of his intent to file an *ex parte* application so that ZogSports's opposition to Plaintiffs' *ex parte* application would be due by 3:00 p.m. on Friday, December 28, 2018 while ZogSports's primary counsel remained out of the office.  Plaintiffs' counsel then waited until after normal business hours at approximately 5:43 p.m. to file his *ex parte* application.   Dkt No. 17; Healy Decl. ¶ 9, Exh. D.   Such unprofessional and bad faith conduct should not be condoned and warrants denial of this motion.  See, Singer v. Live Nation Worldwide, Inc., 2012 WL 123146, at *2 (C.D. Cal. 2012) ("While Defendant maintains it did not know Plaintiff's counsel was on vacation during the holidays and Defendant was only trying to meet the Court's deadline for the last day for filing motions…Defendant…waited until the final hour during the holidays to file its motion for summary judgment.").

### C.     PLAINTIFFS' MOTION MUST BE DENIED BECAUSE IT WILL RESULT IN UNDUE PREJUDICE TO DEFENDANT

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

In part because of its futility, Plaintiffs' amendment will result in substantial prejudice to ZogSports, and should be rejected for this additional reason. "Prejudice is the touchstone of the inquiry under rule 15(a)." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (internal quotes omitted). As explained above, Plaintiffs have failed to plead any plausible claim for relief in terms of a joint employer theory or in terms of liability under Labor Code § 558.1. ZogSports will unnecessarily incur additional time and expense working to challenge Plaintiffs deficient legal theories, in addition to the above-noted time and expenses involved in responding to a new round of pleadings, taking and defending depositions, etc.  Healy Decl. ¶ 5.  For this additional reason, Plaintiffs' motion should be denied.

### III.   CONCLUSION

Plaintiffs' willful failure to comply with the Local Rules concerning their motion should, on its own, result in denial of their request to file an amended pleading.  However, even if the Court is willing to overlook this deficiency (it should not), Plaintiffs' proposed pleading does not comply with federal pleading standards and must be rejected on this ground.  Plaintiffs' failure to fully exhaust their administrative remedies serves as an additional basis to deny the motion. ZogSports should not be made to unnecessarily incur the additional expense of challenging these deficient allegations, particularly in a case that is likely to be resolved by summary disposition.

Dated: December 31, 2018          **ATKINSON, ANDELSON, LOYA, RUUD & ROMO**

By: /s/ Amber S. Healy
        Scott K. Dauscher
        Amber S. Healy
        David Kang
        Attorneys for Defendant ZOGSPORTS
        HOLDINGS LLC, erroneously sued as
        ZOGSPORTS

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200
FAX: (562) 653-3333