1  ATKINSON, ANDELSON, LOYA, RUUD & ROMO
   A Professional Law Corporation
2  Scott K. Dauscher        State Bar No. 204105
      SDauscher@aalrr.com
3  Amber S. Healy           State Bar No. 232730
      AHealy@aalrr.com
4  Christopher S. Andre     State Bar No. 180326
      CAndre@aalrr.com
5  12800 Center Court Drive South, Suite 300
   Cerritos, California 90703-9364
6  Telephone:  (562) 653-3200
   Fax:  (562) 653-3333
7
8  Attorneys for Defendant ZOGSPORTS HOLDINGS LLC,
   erroneously sued as ZOGSPORTS

9

10              UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

12 | KEITH ERNST, ARTHUR              | Case No. 2:18-cv-09043-RGK (MRWx)
   | OGANESYAN, and ALAN NAH,         |
13 | individually and on behalf of all others | **DEFENDANT'S OBJECTIONS TO**
   | similarly situated,              | **EVIDENCE FILED IN SUPPORT**
14 |                                  | **OF PLAINTIFFS' MOTION FOR**
   |                                  | **CONDITIONAL COLLECTIVE**
15 |              Plaintiffs,         | **ACTION CERTIFICATION**
   |                                  | **PURSUANT TO FLSA SECTION**
16 | v.                               | **216(B) AND MOTION FOR CLASS**
   |                                  | **CERTIFICATION PURSUANT TO**
17 | ZOGSPORTS, an unknown business   | **FRCP RULE 23**
   | entity; and DOES 1-50, inclusive,|
18 |                                  | Judge:     Hon. R. Gary Klausner
   |              Defendants.         | Date:      February 11, 2019
19 |                                  | Time:      9:00 a.m.
   |                                  | Dept.:     850
20 |                                  |
   |                                  | Complaint Filed:  October 22, 2018
21 |                                  | Trial Date:       September 20, 2018

22

23

24

25

26

27

28

016463.00008
22508251.1

DEFENDANT'S EVIDENTIARY OBJECTIONS

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE SOUTH, SUITE 300
CERRITOS, CALIFORNIA 90703-9364
TELEPHONE: (562) 653-3200

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

Defendant ZOGSPORTS HOLDINGS LLC ("ZOGSPORTS") respectfully objects to the following purported evidence submitted by Plaintiffs KEITH ERNST, ARTHUR OGANESYAN, and ALAN NAH in support of their Motion for Conditional Collective Action Certification Pursuant to FLSA Section 216(B) and Motion for Class Certification Pursuant to FRCP 23 in the above-entitled action:

**OBJECTIONS TO DECLARATION OF WILLIAM W. ROBERTS, PH.D.**

1.     **Objectionable Material**: "I have consulted with Plaintiffs' counsel and have reviewed documents related to this matter, a list of which is attached as Exhibit B." Roberts Decl. ¶ 6 & Ex. B, Docket Entry 27-2. The statement and Exhibit B to Mr. Roberts' declaration lack foundation (FRE 602) and authentication (FRE 901).

More specifically, the documents in Exhibit B have not been authenticated by any individual with personal knowledge as to who wrote, generated, signed, or used the documents, or saw others do so; instead, it is merely attached to Mr. Roberts' declaration and relied upon for the conclusions stated therein. *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 533 (9th Cir. 2011) ("A document authenticated through personal knowledge must be attached to an affidavit, and the affiant must be a competent witness who wrote, signed it, used it, or saw others do so.")

2.     **Objectionable Material**: "Based upon the records and documents I have reviewed, I believe liability for the claims in this case can be determined from Defendant's Policies and testimony of the 30(b)(6) witness." Roberts Decl. ¶ 9, Docket Entry 27-2. Mr. Roberts' conclusions lack foundation (FRE 602), and are speculative and unreliable (FRE 702).

Mr. Roberts' opinions are inadmissible because they are based on documents that have not been authenticated, for which no foundation has been laid, and that have not been produced in support of the stated opinions. *See* Objection No. 1, *supra*; *Samuels v. Holland American Line-USA Inc.,* 656 F3d 948, 952-953 (9th Cir. 2011) (opinion excluded where plaintiff's expert did not produce any materials from cruise-line industry to support statement that it is common knowledge waters were

016463.00008
22508251.1

extremely dangerous for swimming); *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 291-293 (3rd Cir. 2012) (experts may not testify based on data prepared by persons unknown to the expert, who lacks knowledge of the methodology used to prepare the data).

Further, Mr. Roberts' opinion that liability can be determined from the specified records is speculative and unreliable.  The declarant concedes at multiple points in Paragraph 10 of his declaration that he is relying on assumptions and conjecture as to the meaning of the data set forth in the documents identified in Exhibit B to his declaration.  Specifically, he testifies: "ZOG000002.xlsx *appears to* contain a location of games and days of the week for those games…"; the same file "includes a number for 'volunteerteamcount,' which *I assume* is the number of volunteer referees…"; "The files ZOG000003.xlsx to ZOG000011.xlsx appear to contain a list of games … ."  Experts may not testify based on data prepared by persons unknown to the expert, who lacks knowledge of the methodology used to prepare the data.  Such testimony does not meet the reliability requirements of Federal Rule of Evidence 702.  *ZF Meritor, LLC*, 696 F.3d at 291-293; *Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 441, 444 (6th Cir. 2001) (courts may exclude expert testimony that is purely speculative; "knowledge connotes more than subjective belief or unsupported speculation").

3.   **Objectionable Material**: "I have been provided with a set of eleven Excel files containing data related to ZogSports.  These files are labelled ZOG000002.xlsx through ZOG000012.xlsx.  The file ZOG000002.xlsx appears to contain a location of games and days of the week for those games from Spring 2014 through Fall 2018.  It also includes a number for 'volunteerteamcount' which I assume is the number of volunteer referees for that location and the number is consistent with 30(b)(6) testimony.  The number is either a 1 or 2, depending upon the location.  The files ZOG000003.xlsx to ZOG000011.xlsx appear to contain a list of games, by dates along with the teams scheduled to play.  The file also contains a

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

- 3 -

column labeled 'Volunteer Ref(s)' which, based upon 30(b)(6) testimony, indicates the team scheduled to supply a volunteer referee for that game. The ZOG000012.xlsx file appears to contain a list of websites for game rules." Roberts Decl. ¶ 10, Docket Entry 27-2. The statement and referenced documents lack foundation (FRE 602) and authentication (FRE 901).

More specifically, the documents referenced by Mr. Roberts have not been authenticated by any individual with personal knowledge as to who wrote, generated, signed, or used the documents, or saw others do so; instead, they are merely referenced in Mr. Roberts' declaration and relied upon for the conclusions stated therein. *Las Vegas Sands*, 632 F.3d at 533.

4. **Objectionable Material**: "From the ZOG00003 to ZOG000011 files we have a count of 12,392 games scheduled. These games all appear to be football games. The average number of volunteer referees requested per game, estimated from the data, is 1.5543. This amounts to 19,257 requested volunteer referees. Having the dates and locations for these scheduled games, along with the list of teams scheduled to supply the volunteers, we have calculated the number of referees requested. Assuming that liability has been found, the potential damages can be calculated from the date, location of the potential violation and the prevailing minimum wage. Since we have the dates, interest can also be calculated." Roberts Decl. ¶ 12, Docket Entry 27-2. Mr. Roberts' conclusions lack foundation (FRE 602), irrelevant (FRE 402), and are speculative and unreliable (FRE 702).

Mr. Roberts' opinions are inadmissible because they are based on documents that have not been authenticated, for which no foundation has been laid, and that have not been produced in support of the stated opinions. *See* Objection No. 1, *supra*; *Samuels*, 656 F3d at 952-953; *ZF Meritor*, 696 F.3d at 291-293. Mr. Roberts' conclusions are also speculative and unreliable for the reasons specified in Objection No. 2. Finally, Mr. Roberts' testimony refers specifically to *scheduled* games, and not to games that actually took place and for which a volunteer referee

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

was actually present.  In the absence of some evidence establishing a connection between scheduled games and games that actually utilized a volunteer referee, Mr. Roberts' opinions regarding the ascertainment of damages based on the frequency and number of scheduled games is speculative, conclusory, and self-serving, and has no relevance to liability or damages in this case.  FRE 402, 702; *Federal Trade Comm'n v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997).

5.      **Objectionable Material**: "As to Plaintiff's independent and derivative wage statement class, based upon the damages calculated above as possibly augmented by information gathered from our questionnaire process, I could estimate the total number of wage statements that should have been issued to each class member and the corresponding statutory penalties for each potential class employee."   Roberts Decl. ¶ 14, Docket Entry 27-2.   Mr. Roberts' testimony contains legal conclusions that he is not qualified to offer as an statistician and economist (FRE 702).  His testimony also lacks foundation (FRE 602), is irrelevant (FRE 402), and is speculative and unreliable (FRE 702).

Paragraph 2 of Mr. Roberts' declaration shows that his area of purported expertise is "primarily in the areas of statistics, economics, finance, and survey-related research."   Nothing in his declaration establishes that he is qualified to opinion on legal questions such as "the total number of wage statements that should have been issued" or "the corresponding statutory penalties."   Because these legal conclusions are outside his purported area of expertise, Mr. Roberts is not qualified to provide expert testimony on those subjects.  FRE 702; *Khoury v. Philips Med. Systems*, 614 F.3d 888, 893 (8th Cir. 2010) (district court properly precluded expert from testifying to matters outside his area of expertise).

Further, Mr. Roberts' opinions are inadmissible because they are based on documents that have not been authenticated, for which no foundation has been laid, and that have not been produced in support of the stated opinions.  *See* Objection No. 1, *supra*; *Samuels,* 656 F3d at 952-953; *ZF Meritor*, 696 F.3d at 291-293.  Mr.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

016463.00008
22508251.1

- 5 -

DEFENDANT'S EVIDENTIARY OBJECTIONS

Roberts' conclusions are also irrelevant, speculative, and unreliable for the reasons specified in Objection No. 4.

6. **Objectionable Material**: "Analysis of Defendant provided records along with any additional information gathered could then be used to calculate 203 penalties." Roberts Decl. ¶ 15, Docket Entry 27-2. Mr. Roberts' testimony contains legal conclusions that he is not qualified to offer as an statistician and economist (FRE 702). His testimony also lacks foundation (FRE 602), is irrelevant (FRE 402), and is speculative and unreliable (FRE 702). *See* discussion and authorities cited in Objection Nos. 4-5.

7. **Objectionable Material**: "The claim for 226.8 is derivative and can be calculated from the information used in calculating the claims above." Roberts Decl., ¶ 16, Docket Entry 27-2. Mr. Roberts' testimony contains legal conclusions that he is not qualified to offer as an statistician and economist (FRE 702). His testimony also lacks foundation (FRE 602), is irrelevant (FRE 402), and is speculative and unreliable (FRE 702). *See* discussion and authorities cited in Objection Nos. 4-5.

8. **Objectionable Material**: Roberts Decl. ¶¶ 23-27, in their entirety (Docket Entry 27-2). Mr. Roberts' testimony in these paragraphs describes a data analysis process that is irrelevant and unreliable in this context, and is therefore inadmissible (FRE 402, 702-703).

In Paragraphs 20 and 23 of his declaration, Mr. Roberts testifies that the class questionnaires he proposes are not "surveys," but proceeds to describe an approach to questionnaire design and implementation that he describes in Paragraph 23 as "among the best *survey* research practices." Mr. Roberts offers no testimony establishing that his "Total Survey Error" approach is reasonably relied upon by experts in his field when forming opinions or inferences based on class questionnaires, as opposed to "surveys." FRE 703; *Carson Harbor Village, Ltd. v. Unocal Corp.*, 270 F.3d 863, 873 (9th Cir. 2001). The excerpts from the Reference

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

DEFENDANT'S EVIDENTIARY OBJECTIONS

1  Manual on Scientific Evidence, Third Edition, cited by Mr. Roberts in support of his
2  proposed methodology refer specifically to "survey" activities, which Mr. Roberts
3  has testified does not include class questionnaires.  Therefore, absent some evidence
4  establishing that the same methodology is equally applicable to class questionnaires
5  and is relied upon by experts in his field for that purpose, Mr. Roberts' testimony in
6  Paragraphs 23 through 27 of his declaration is irrelevant, speculative, and unreliable.

### OBJECTIONS TO DECLARATION OF KEITH ERNST

8  9.  **Objectionable Material**: "I understand that ZogSports required
9  participants to volunteer as referees for other participants' games, and that my team
10  would be penalized if we did not provide a volunteer referee."  Ernst Decl. ¶ 2,
11  Docket Entry 27-4.  Mr. Ernst's testimony lacks foundation, in that Mr. Ernst
12  provides no information indicating that the "understanding" to which he testifies is
13  based upon his personal knowledge as opposed to information learned from another
14  person.  FRE 602; *Kaczmarek v. Allied Chemical Corp.*, 836 F.2d 1055, 1060-61
15  (7th Cir. 1987).  Because it appears to be based on information learned from another
16  person, Mr. Ernst's testimony also incorporates inadmissible hearsay.  FRE 802.

17  10.  **Objectionable Material**: "To my knowledge, there are no conflicts
18  which exist between my interest in this action and the interest of the class members
19  that would impair my ability to serve as a representative."  Ernst Decl. ¶ 4, Docket
20  Entry 27-4.  Mr. Ernst's testimony constitutes an improper legal conclusion by a lay
21  witness, and is conclusory and self-serving.  FRE 701; *Nationwide Transport*
22  *Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1059-1060 (9th Cir.
23  2008) (legal conclusions properly excluded regardless of whether testimony
24  constituted lay or expert opinion); *Federal Trade Comm'n*, 104 F.3d at 1171 ("A
25  conclusory, self-serving affidavit, lacking detailed facts and any supporting
26  evidence, is insufficient to create a genuine issue of material fact").
27  / / /
28  / / /

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

## OBJECTIONS TO DECLARATION OF ALAN NAH

11.   **Objectionable Material**: "I understand that ZogSports required participants to volunteer as referees for other participants' games, and that my team would be penalized if we did not provide a volunteer referee."  Nah Decl. ¶ 2, Docket Entry 27-5.  Mr. Nah's testimony lacks foundation, in that Mr. Nah provides no information indicating that the "understanding" to which he testifies is based upon his personal knowledge as opposed to information learned from another person.  FRE 602; *Kaczmarek*, 836 F.2d at 1060-61.  Because it appears to be based on information learned from another person, Mr. Nah's testimony also incorporates inadmissible hearsay.  FRE 802.

12.   **Objectionable Material**: "To my knowledge, there are no conflicts which exist between my interest in this action and the interest of the class members that would impair my ability to serve as a representative."  Nah Decl. ¶ 4, Docket Entry 27-5.  Mr. Nah's testimony constitutes an improper legal conclusion by a lay witness, and is conclusory and self-serving.  FRE 701; *Nationwide Transport Finance*, 523 F.3d at 1059-1060; *Federal Trade Comm'n*, 104 F.3d at 1171.

## OBJECTIONS TO DECLARATION OF ARTHUR OGANESYAN

13.   **Objectionable Material**: "I understand that ZogSports required participants to volunteer as referees for other participants' games, and that my team would be penalized if we did not provide a volunteer referee."  Oganesyan Decl. ¶ 2, Docket Entry 27-6.   Mr. Oganesyan's testimony lacks foundation, in that Mr. Oganesyan provides no information indicating that the "understanding" to which he testifies is based upon his personal knowledge as opposed to information learned from another person.  FRE 602; *Kaczmarek*, 836 F.2d at 1060-61.   Because it appears to be based on information learned from another person, Mr. Oganesyan's testimony also incorporates inadmissible hearsay.  FRE 802.

14.   **Objectionable Material**: "To my knowledge, there are no conflicts which exist between my interest in this action and the interest of the class members

DEFENDANT'S EVIDENTIARY OBJECTIONS

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

1  that would impair my ability to serve as a representative." Oganesyan Decl. ¶ 4,

2  Docket Entry 27-6. Mr. Oganesyan's testimony constitutes an improper legal

3  conclusion by a lay witness, and is conclusory and self-serving. FRE 701;

4  *Nationwide Transport Finance*, 523 F.3d at 1059-1060; *Federal Trade Comm'n*,

5  104 F.3d at 1171.

6  **OBJECTIONS TO DECLARATION OF DANNY YADIDSION, ESQ.**

7  15. **Objectionable Material**: "Prior to becoming a partner of Labor Law

8  PC, I exclusively practiced employment law for over nine years at defense firms.

9  From approximately December 2011 to September 2018, I exclusively practiced

10  employment law and defended numerous class actions at Jackson Lewis PC in Los

11  Angeles. From June 2009 to December 2011, I exclusively practiced employment

12  law and defended numerous class actions at Lewis Brisbois Bisgaard & Smith LLP

13  in Los Angeles." Yadidsion Decl. ¶ 6, Docket Entry 27-7. Mr. Yadidsion's

14  testimony regarding his work as defense counsel is irrelevant to his qualifications

15  and competency to serve as class counsel. Class counsel must show that he or she is

16  able "to fairly and adequately represent the interests of the class." FRCP

17  23(g)(1)(B); *Radcliffe v. Hernandez*, 818 F.3d 537, 548 (9th Cir. 2016). Mr.

18  Yadidsion's experience representing class action *defendants* has only a tangential

19  relation to his qualifications to protect the interests of a putative class, and should be

20  disregarded for the purpose of assessing his qualifications and competency to serve

21  as class counsel.

22  16. **Objectionable Material**: "By way of example, shortly prior to leaving

23  Jackson Lewis PC, I successfully prevailed on a motion for class certification on

24  behalf of my clients in a case heavily litigated for over 7.5 years and successfully

25  moved to dismiss a complaint in federal court based on the federal enclave

26  doctrine." Yadidsion Decl. ¶ 6, Docket Entry 27-7. Mr. Yadidsion's testimony

27  regarding his work as defense counsel is irrelevant to his qualifications and

28  competency to serve as class counsel. Class counsel must show that he or she is

able "to fairly and adequately represent the interests of the class."   FRCP
23(g)(1)(B); *Radcliffe*, 818 F.3d at 548.   Mr. Yadidsion's success in *defeating* a
motion for class certification for a class action defendant and securing the dismissal
of a federal court action for another defendant have little, if any, bearing on his
ability to protect the interests of a putative plaintiff class.   These matters should be
disregarded for the purpose of assessing Mr. Yadidsion's qualifications and
competency to serve as class counsel.

17.   **Objectionable Material**: Yadidsion Decl., Ex. B (Docket Entry 27-8),
at 13:3-14:4 (according to PACER pagination).   The question put to the deponent is
beyond the scope of the Rule 30(b)(6) deposition.   *See* Healy Decl. I.S.O. Objection
No. 17, ¶ 2 & Ex. 1.

18.   **Objectionable Material**: Yadidsion Decl., Ex. B (Docket Entry 27-8),
at 51:8-15 (according to PACER pagination).   Counsel's question lacks foundation
and assumes facts.

19.   **Objectionable Material**: Yadidsion Decl., Ex. B (Docket Entry 27-8),
at 56:11-20 (according to PACER pagination).   Counsel's question is compound and
an incomplete hypothetical.

20.   **Objectionable Material**: Yadidsion Decl., Ex. B (Docket Entry 27-8),
at 75:21-76:1 (according to PACER pagination).   Counsel's question is vague and
compound.

21.   **Objectionable Material**: Yadidsion Decl., Ex. B (Docket Entry 27-8),
at 77-85 (according to PACER pagination).    There is no foundation for this
document and no testimony has been offered to authenticate it based upon personal
knowledge.   FRE 602, 901; *Las Vegas Sands, LLC*, 632 F.3d at 533 ("A document
authenticated through personal knowledge must be attached to an affidavit, and the
affiant must be a competent witness who wrote, signed it, used it, or saw others do
so").

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

016463.00008
22508251.1

DEFENDANT'S EVIDENTIARY OBJECTIONS

22.   **Objectionable Material**: Yadidsion Decl., Ex. B (Docket Entry 27-8), at 86-92 (according to PACER pagination).   There is no foundation for this document and no testimony has been offered to authenticate it based upon personal knowledge.   FRE 602, 901; *Las Vegas Sands, LLC*, 632 F.3d at 533.

23.   **Objectionable Material**: Yadidsion Decl., Ex. B (Docket Entry 27-8), at 95 (according to PACER pagination).   There is no foundation for this document and no testimony has been offered to authenticate it based upon personal knowledge.   FRE 602, 901; *Las Vegas Sands, LLC*, 632 F.3d at 533.   The deponent did not authenticate the document, and instead testified that he did not recognize it. *See* Yadidsion Decl., Ex. B (Docket Entry 27-8), at 67:2-9 (according to PACER pagination).

Defendant respectfully requests that the Court sustain the above objections and strike the evidence referred to above in ruling on Plaintiffs' Motion.

Dated: January 18, 2019          ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By:   /s/ Amber S. Healy
_____
Amber S. Healy
Attorneys for Defendant ZOGSPORTS HOLDINGS LLC, erroneously sued as ZOGSPORTS

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262

### DECLARATION OF AMBER HEALY, ESQ.
### IN SUPPORT OF OBJECTION NO. 17

I, Amber Healy, declare:

1.      I am a partner with the law offices of Atkinson Andelson Loya Ruud & Romo, counsel of record in the above entitled action to Defendant ZOGSPORTS HOLDINGS LLC.  I make this Declaration in support of Defendant's Objection No. 17, above.  The following facts are based on my personal knowledge, and I could and would testify competently to each of them if called upon to do so.

2.      On December 11, 2018, Plaintiffs KEITH ERNST, ARTHUR OGANESYAN, and ALAN NAH took the deposition of Michael Mortellaro as Defendant's Rule 30(b)(6) representative on specified topics, which were set forth in Plaintiffs' Amended Notice of Deposition for Mr. Mortellaro.  I defended the deposition on behalf of Defendant and am familiar with the testimony given and the documents attached as exhibits to the deposition.  Attached as Exhibit 1 to this Declaration is Plaintiffs' aforesaid Amended Notice of Deposition, which was also attached as an exhibit to Mr. Mortellaro's deposition transcript.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Dated January 18, 2019 at Cerritos, California.

  /s/ Amber Healy
    AMBER HEALY

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
20 PACIFICA, SUITE 1100
IRVINE, CALIFORNIA 92618-3371
TELEPHONE: (949) 453-4260
FAX: (949) 453-4262