UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| KEITH ERNST, ARTHUR OGANESYAN, and ALAN NAH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZOGSPORTS, an unknown business entity; and DOES 1-50, Inclusive,<br><br>Defendant. | Case No. 2:18-cv-09043-RGK (MRWx)<br><br>**STIPULATED PROTECTIVE ORDER RE PUTATIVE CLASS CONTACT INFORMATION**<br><br>**DISCOVERY MATTER**<br><br>Removal Filed: October 22, 2018<br>Complaint Filed: September 20, 2018<br>[Los Angeles County Superior Court] |
|---|---|

This Stipulated Protective Order is entered into by and between the Plaintiffs Keith Ernst, Arthur Oganesyan and Alan Nah ("Plaintiffs") and Defendant ZogSports Holdings, LLC ("Defendant") (collectively, the "Parties").

**1. PURPOSES AND LIMITATIONS**

Discovery in this action will involve production of confidential, private, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order Regarding Putative Class Contact Information ("Class Contact Order").

The Parties acknowledge that this Class Contact Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge that this Class Contact Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. GOOD CAUSE STATEMENT

The Parties anticipate discovery in the above captioned litigation ("Action") will result in the disclosure of confidential, private and sensitive materials and information, including without limitation (and without acknowledging the confidentiality of any given document) personal information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to adequately protect information the Parties are entitled to keep confidential, a protective order for such information is justified in this matter. It is the intent of the Parties that there is good cause why this information should not be part of the public record of this case.

## 3. PRODUCTION OF CONTACT INFORMATION

Pursuant to the Court's order of January 25, 2019 (Dkt. No. 39), the Parties agree to the following protocol for the production of a sampling of class Contact Information:

A. Defendant will produce Contact Information for a ten percent (10%) sampling of participants in all cities outside California which offered football leagues making use of volunteer referees during the period of September 20, 2015 to the present and, in all cities within California, which offered football leagues making use of volunteer referees during the period of September 20, 2014 to the present ("Sampling Group");

**STIPULATED PROTECTIVE ORDER RE CLASS CONTACT INFORMATION - PROPOSED**

B. For purposes of Defendant's production, "Contact Information" is defined to include the name and electronic mail ("e-mail") information for each participant disclosed by the third party administrator to counsel;

C. Defendant shall produce the Contact Information for the Sampling Group to a third party administrator to be selected by the parties by February 6, 2019. The parties will split the cost of the third party administrator.

D. Plaintiffs and Defendant have jointly prepared an e-mail to be transmitted to the Sampling Group by the third party administrator, attached as Exhibit A.

E. The third party administrator will forward the Contact Information of each responsive member of the Sampling Group to both Plaintiffs' and Defendant's counsel.

F. Plaintiffs' counsel may send one e-mail to each responsive member of the Sampling Group to initiate contact. If no response is received to this e-mail, Plaintiffs' counsel may not send additional e-mails or make any further attempts to contact the responsive member of the Sampling Group.

G. Plaintiffs' counsel's use of the Contact Information shall be limited to purposes related to the claims asserted in this Action (defined as *Ernst et al. v ZogSports*, Central District of California Case No. 2:18-cv-09043-RGK), and the claims alleged in the operative Complaint.

H. The Contact Information shall be designated "HIGHLY CONFIDENTIAL." Unless otherwise ordered by the court or permitted in writing by Defendant, Plaintiffs' counsel may not disclose the Contact Information or items designated "HIGHLY CONFIDENTIAL" to anyone except the court, its personnel and counsel of record in this Action and their paralegals, clerical and secretarial staff. Should Plaintiffs' counsel lawfully obtain putative and/or absent class member contact information (names, addresses, telephone numbers, e-mail addresses, etc.) from a source other than the process detailed in Paragraph 3, such information is

- 3 -
**STIPULATED PROTECTIVE ORDER RE CLASS CONTACT INFORMATION - PROPOSED**

outside of the scope of the Contact Information defined herein and is not covered by this Protective Order.

## 4. DESTRUCTION OF CONTACT INFORMATION

After final disposition of this Action, Plaintiffs' counsel must destroy all Contact Information within 60 days of a written request by Defendant. As used in this subdivision, "Contact Information" includes all disclosures made by the third party administrator concerning Contact Information, copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Contact Information. Plaintiffs' counsel must submit a written certification to Defendant within 60 days of Defendant's written request that: (1) identifies all of the Contact Information that was destroyed; and (2) affirms that Plaintiffs and their counsel have not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Contact Information. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Contact Information. Any such archival copies that contain or constitute Contact Information remain subject to this Protective Order until the Parties agree otherwise in writing or a court order otherwise directs.

For purposes of this section, "final disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. MISCELLANEOUS

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

By stipulating to the entry of this Protective Order no Party waives any right it

**STIPULATED PROTECTIVE ORDER RE CLASS CONTACT INFORMATION - PROPOSED**

otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

All terms of this Stipulated Protective Order shall be binding upon and inure to the benefit of the Parties hereto and to their successors and assigns.

Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: February 12, 2019

**LABOR LAW PC**

By: /s/ Danny Yadidsion
Danny Yadidsion
Attorney for Plaintiffs

Dated: February 12, 2019

**ATKINSON, ANDELSON, LOYA, RUUD & ROMO**

By: /s/ Amber S. Healy
Amber S. Healy
Attorneys for Defendant

**PURSUANT TO STIPULATION, AND FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: February 12, 2019

Honorable Michael R. Wilner
United States Magistrate Judge

# **Exhibit A**

Subject line for email: *Keith Ernst, et al. v. ZogSports Holdings, LLC*, Case 2:18-cv-09043

A putative class action lawsuit has been filed in the United States District Court, Central District of California, concerning ZogSports' use of unpaid volunteer referees (*Keith Ernst, et al. v. ZogSports Holdings, LLC*, Case 2:18-cv-09043). You are receiving this email because you are/were a participant in the league and you may have participated as an unpaid volunteer referee. No determination has been made regarding the merits of the claims and the allegations are disputed.

If you consent to having your name and email address provided to the attorneys representing the Plaintiffs, please reply to this email or send an email to: \_\_\_\_\_ [third party administrator].

Please do not call or write to the Court to ask questions.